*786 OPINION.
Love:
Section 214 (a) (4) of the Revenue Act of 1921 provides that in computing net income there shall be allowed as deductions.
Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.
It will be noted that in the case of a loss, it is deductible in the year incurred. It is not treated the same as a bad debt where the deduction is allowed in the year in which it is ascertained to be worth *787 less. All the evidence in the instant case leads to the inevitable conclusion that petitioner’s stock was worthless in 1920. He testified that he had a hope that the unsold assets, including the trade name, might be sold for enough to enable at least the preferred stockholders to realize something. However, we have,' staring such hope in the face, his own declaration that on account, of depressed business conditions there was no market for such assets; and further, the deliberately expressed conclusion of the trustees that the assets would not pay more than 70 per cent of claims of creditors; that after paying out all the cash on the 60 per cent dividend, there remained claims which had been allowed of more than $100,000, to pay which the trustees had nothing save the unsold assets. Those assets were actually sold, less than two years thereafter, for $100.
Under such conditions no reasonable business man would attach any value whatever to petitioner’s Hawthorne Co. stock in the latter part of 1920, or any time thereafter. The sale of the 824 shares for the nominal price received establishes in our opinion not only the worthlessness of the 824 shares but also the worthlessness in 1920 of all the shares that the petitioner owned.
Petitioner seeks to invoke, as a rule, the idea that a loss of the character of the one here in question may be taken only on sale of the securities, and by way of corollary, that the loss may be taken at date of such sale regardless of when, in fact, the securities became worthless. It is true that in the case of a decline in market value of securities, it has been held that the loss so sustained may not be taken in the absence of a bona fide disposal of the securities, that is, the transaction must be a closed transaction. It may sometimes occur that in the absence of a sale, the worthlessness of the securities is a questionable proposition. We know of no case where it has been held by this Board, or by any court, that if á petitioner presents proof so convincing as to render it practically demonstrable that securities held by him became worthless in a given year, he was refused deduction because he had not sold them. This Board in several cases has allowed the deduction under such conditions. Henry M. Jones v. Commissioner, 4 B. T. A. 1286. It therefore follows that if the proof shows stock became worthless in a given year, the deduction must be taken for that year and may not be taken for any other year.
The petitioner’s loss was sustained in 1920 and he may not take any part thereof for 1921 or 1922.

Judgment will be entered for the respondent.