HENRY W. CUSHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22152.   Promulgated July 24, 1928.

*William S. Cole, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the respondent.

46

OPINION.

MURDOCK: The petitioner in his return has charged off as a reserve $20,000 of the total amount of $49,000, the latter representing the cost to him of the common stock but he now claims that the stock was worthless in 1923 and that he was entitled to deduct the whole amount of the cost in that year. The Revenue Act of 1921 provides as follows:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

*     *     *     *     *     *     *

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

This does not authorize the deduction of a portion of the cost of stock or a deduction of shrinkage in value of stock, but in order to take advantage of this provision where the stock has not been sold, it must be shown that it was worthless. The deduction can only be allowed in that year when such stock had no longer any actual value. From its very nature such a loss can only occur at one time, and if it is shown that stock was worthless in one year a deduction for its loss can not be taken in any subsequent year. The date of the occurrence of such a loss is a question of fact. The sale by another person of the same kind of stock at a low price does not prove the worthlessness of the petitioner's stock.

The Bath Iron Works was operating at a loss and at the end of 1922 and in September, 1923, its liabilities apparently exceeded its assets. In addition to this on the asset side, its plant and equipment may or may not have been worth the value attributed to it in accordance with the reproduction cost ascertained in July, 1917, and depreciated to date, and it is doubtful whether its good will represented the value set forth in the balance sheets. The sales of common stock and debentures in December of 1923 are some indication that the market value of the stock at that time was very little, but it is apparent that during the year 1923 and for some time thereafter, the directors of the company had not given up hope of rehabilitating and of restoring the company so that it would be profitable. During this year no steps were being taken to liquidate or to discontinue the business.

The condition of the company on September 29, 1923, differed from that at the end of the year 1922 only in the fact that an additional loss had occurred, smaller in amount than that suffered in 1922. It is conceivable that such an additional loss might represent the difference between some common stock value in 1922 and worthlessness in 1923, but from the evidence presented in this case if the stock were worthless in the latter year it might just as well have been worthless in the prior year.

The petitioner has failed to convince us by the evidence that the stock became worthless during the taxable year and therefore the deduction of its cost or any portion thereof from income is disallowed.

*Judgment will be entered for the respondent.*