JAMES L. BYRD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31049. Promulgated January 15, 1931.

*R. E. Bailey, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

**1184**

OPINION.

TRUSSELL: In the single issue presented by this appeal we are required to decide whether the determination of the respondent is sound in holding that the petitioner is not entitled to the deduction in the taxable year of a loss claimed to have been sustained in the sale of certain corporate stock for a cash consideration lower than the cost of the stock to the petitioner. The respondent has determined that the stock became worthless at some indefinite time prior to the taxable year, and in consequence a loss of the investment in the stock was properly deductible at that time. By reason of the cash consideration received, the claim of the petitioner falls short of total worthlessness of the stock, and it is contended that a partial loss was never allowable on the stock and a total loss never demonstrable so that the loss sustained in the sale should be recognized and allowed as a deduction.

The affairs of the corporation, a portion of whose stock is here under consideration, were in the hands of receivers for a period of approximately 14 years until all of the assets were liquidated. The taxable year is approximately the ninth year of the receivership. With respect to market value, the stock of the corporation was withdrawn from listing on the St. Louis Stock Exchange when the receivers took charge, and thereafter there was no recognizable market for it. The petitioner failed in the endeavor to find a

purchaser for his stock. With respect to intrinsic worth, it does not appear exactly upon what basis the assets were valued upon the books of the receivers, but we do know that such book values were substantially less than the outstanding liabilities. Included in the assets were certain lands in Texas, located not far from oil-producing properties. Exploration was in progress upon the lands and during the taxable year it had not been definitely settled that all hope must be abandoned of a discovery of valuable oil-bearing sands underlying the lands. In any event, the lands were not valueless, as they were in part adaptable to grazing, and in part to more valuable uses such as cultivation.

During all of the period of years beginning with the acquisition of the stock in 1913 by the petitioner and ending with its sale in the taxable year, the respondent has administered the several laws to require that such a loss to be allowable must be based upon stock which is utterly without value. In the early years even utter worthlessness was not accorded recognition. T. D. 2005, July 18, 1914, failed to recognize worthlessness and provided that a claim for a loss must be determined and ascertained upon an actually completed and closed transaction. With respect to the 1916 and 1917 Acts, Regulations 33, T. D. 2690, January 2, 1918, similarly provided, in article 148, that the only loss to be allowed is that actually suffered when the securities matured or are disposed of. The single exception provided related to dealers in securities, and it appears that the petitioner was not a dealer. Furthermore, as late as January, 1918, it was still deemed questionable whether a dealer in securities could be allowed to inventory his holdings of stocks at the lower of cost or market. See T. D. 2649. With respect to the Revenue Act of 1918, the same provisions governed, save that the recognition of utter worthlessness was now provided for. See article 144, respectively, in the Preliminary Edition of Regulations 45, followed by T. D. 2831, publishing the Approved Edition of Regulations 45, and see also the 1920 Edition of Regulations 45. See also A. R. R. 2962, C. B. II–2, p. 128; A. R. R. 8226, C. B. III–2, p. 116. Even though acting under a wide discretion, conferred by the 1921 Act, of allowing losses in some year other than the year in which sustained, the Commissioner administered the provision so as to retain, unaltered, the previous rules relative to stock becoming utterly worthless. See T. D. 3261, December 20, 1921.

With respect to the establishment of the worthlessness of stock, even a showing that the book value of assets was greatly exceeded by the liabilities would not avail if the stock was deemed to have some measure of prospective value. *Van Diest* v. *United States*, 67 Ct. Cls. 655. A showing of undeniable insolvency through the

excess of liabilities over actual value of the assets does not justify recognition of worthlessness of the stock where there is prospective value. *Tsivoglou* v. *United States*, 31 Fed. (2d) 706.

We think a thorough consideration of the evidence in this case, including the testimony of one of the receivers who appeared as a witness for the respondent, leads to the conclusion that the stock was not definitely worthless in the taxable year or at any time prior thereto. The respondent cites *Harry H. DeLoss*, 6 B. T. A. 784, a case in which we were convinced of the fact that certain stock became worthless in a prior year; and *Paul N. Myers*, 7 B. T. A. 1072, a case in which we held the evidence indicated that long before the taxable year the corporation had neither assets nor prospects, and there was no gainsaying the worthlessness of the stock. We find neither of these cases in point here due to the obvious differences of fact.

Our finding of fact concludes the issue. If the stock was not wholly worthless, then the completed and closed transaction of the sale is determinative of the loss, and the loss claimed by the petitioner should be allowed as a deduction in computing net income.

Reviewed by the Board.

*Decision will be entered pursuant to Rule 50.*

MORRIS, SMITH, STERNHAGEN, and MURDOCK dissent.