## FRANKLIN PIONEER CORPORATION v. GLENN, Collector of Internal Revenue.

### No. 749.

District Court, W. D. Kentucky, Louisville Division.

May 17, 1945.

J. W. Fowler, Jr., of Louisville, Ky., for plaintiff.

Henry L. Spencer, Dept. of Justice, of Washington, D. C., Eli H. Brown, III, U. S. Atty., of Louisville, Ky., and David C. Walls, Acting U. S. Atty., of Hardinsburg, Ky., for defendant.

MILLER, District Judge.

The plaintiff, Franklin Pioneer Corporation, filed this action to recover from the Collector of Internal Revenue for the District of Kentucky the sum of $2,006.73 which it claims it was illegally required to pay under a deficiency income tax assessment for the year 1940. The plaintiff in its income tax return for the year 1940 took a deduction of $11,086.61 resulting from a loss which it claims it incurred by the sale of 300 shares of common stock of Continental Shares on December 18, 1940. This stock was an investment of the plaintiff in the amount of $11,100. The plaintiff realized from the sale $12.39. The defendant contends that the shares of stock became worthless in 1933 when the corpora-

tion was placed in receivership, and that the loss was an allowable deduction for the taxable year 1933 and not thereafter.

The facts are as contained in the Agreed Stipulation of Facts filed herein on April 25, 1945.

Losses are deductible from income for those years only in which the losses are sustained. In order that a loss arising from investment in the capital stock of a corporation be regarded as sustained in any given year, it is ordinarily necessary either that there be a final disposition of the investment, as by sale or exchange, or that there be some "identifiable event" by which the loss is otherwise clearly evidenced. The taxing act contemplates losses which arise from closed and completed transactions and which are fixed by identifiable events. Section 23 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 23; United States v. S. S. White Dental Manufacturing Company, 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120.

Partial losses are not allowable as deductions from gross income so long as the stock has a value and has not been disposed of. Shrinkage in value is not recognized by the taxing act. The difference between the price paid for property and its market value in a later year affords no basis for determining a gain or loss while the taxpayer still retains ownership of the property. As long as the stock has any value, either present or potential, the taxpayer may not claim a deduction on account of its shrinkage in value. Weiss v. Wiener, 279 U.S. 333, 335, 49 S. Ct. 337, 73 L.Ed. 720; Miami Beach Bay Shore Co. v. Commissioner, 5 Cir., 136 F. 2d 408, 409; Warren Service Corp. v. Commissioner, 2 Cir., 110 F.2d 723, 725; Rassieur v. Commissioner, 8 Cir., 129 F.2d 820, 826; See also United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 401, 47 S.Ct. 598, 71 L.Ed. 1120.

Neither the balance sheet of a corporation showing no equity for the stockholders, nor the appointment of a receiver, the appointment of a trustee in reorganization proceedings, nor the adoption of a resolution by the board of directors providing for a liquidation, is decisive on the question of the worthlessness of stock in a corporation where the evidence also establishes the existence of a potential value which may be realized upon liquidation or through continuation of the business. G. E. Employees Securities Corporation v. Manning, 3 Cir., 137 F.2d 637; Van Clief v. Helvering, 77 U.S.App.D.C. 337, 135 F. 2d 254, 257; Nelson v. United States, 8 Cir., 131 F.2d 301, 302; Rassieur v. Commissioner, 8 Cir., 129 F.2d 820, 825; Jones v. Commissioner, 9 Cir., 103 F.2d 681, 685; Burnet, Commissioner, v. Imperial Elevator Co., 8 Cir., 66 F.2d 643; Deeds v. Commissioner, 6 Cir., 47 F.2d 695.

The stipulation of facts states that the stock in question was "continuously quoted on the open market and bought and sold through brokers engaged in the sale of over-the-counter stock from 1933 to 1940 inclusive." It also has attached as an exhibit the bid and asked quotations for the stock for the same years. During the year 1933 actual sales of the stock occurred on the open market at prices ranging from 5 cents to 40 cents a share, and during 1934 sales of the stock continued at 10 cents per share. In 1936 the sale price of the stock had increased to a low of 12 cents and a high of 25 cents. In 1937 the stock sold at as high as 70 cents, but thereafter slumped badly to a low of 3 cents. However, in 1940, the year in question in this litigation, there were actual sales at 4 cents and 5 cents and additional bids for the stock at not less than 2 cents. Such sales, particularly the sales at 40 cents in 1933 and 70 cents in 1937, show rather conclusively that the stock was not worthless in 1933. Even though its book value had disappeared and the shrinkage in market value had been very great, yet there still existed a potential value which was worth something to the owner. This potential value still existed in 1940 when the stock was finally disposed of by the taxpayer. The continued existence of actual sales from 1933 through 1940, even though at a low figure, refutes the contention that the stock was worthless in 1933 or at any time subsequent thereto before it was disposed of. The plaintiff is entitled to the loss resulting from the sale for income tax purposes for the year 1940. See Long v. Glenn, Collector, D.C., No. 491, Louisville Division, W.D.Ky. (not reported), affirmed, 6 Cir., 145 F.2d 234.

The plaintiff will tender for entry judgment in accordance with the foregoing Findings and Conclusions.