FARMERS ELEVATOR & EXCHANGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2258.   Promulgated January 28, 1928.

*M. J. Holland, C. P. A.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

380

OPINION.

TRUSSELL: The sole issue before us is a question of the revaluation of poultry on hand on November 30, 1919, which composed a portion of the inventory of the stock in trade of petitioner. Respondent has accepted the amount of this inventory as reported in the return filed by petitioner, but petitioner seeks a revaluation of the poultry, alleging that it evidently was valued too highly originally. The poultry was on hand in part at Wapello, and in part in the form of dressed poultry in cold storage at Albany. The two stocks present separate questions of valuation as will presently appear.

Relative to the poultry on hand at Wapello, it is the claim of petitioner that the valuation was probably an opinion of market value and it far exceeded cost. The record is devoid of all detail of the original inventory save that it amounted to $7,094.04. What the items of the physical count were and what the prices used in the inventory were are unknown. Several years subsequent to the taking of the inventory petitioner employed an accountant, who analyzed the purchases of poultry paid for with bank checks issued subsequent to November 6, 1919, and, accepting a pencil memorandum in the check book as indicative of the fact that there was no poultry on hand on November 6, 1919, and making allowance for sales of poultry, he concluded that the cost of poultry accumulated over the period from November 6, 1919, to November 30, 1919, amounted to $6,052.83 and therefore the inventory if priced at cost could not have exceeded that figure. However persuasive this reasoning may be that the

original inventory may have been erroneous in valuation, it is nevertheless a mere estimate. The record is too indefinite and uncertain to support a finding of error.

Petitioner claims the right to revise its valuation of the dressed poultry on hand at Albany. The record leaves little doubt that this poultry, which was in cold storage, was not in the best of condition in November, 1919, and petitioner was meeting with difficulty in the endeavor to dispose of it at satisfactory prices. He did not dispose of it until April, 1920. In one respect the situation is similar to the inventory of poultry at Wapello, for nothing is known of the details save that the dressed poultry at Albany was valued at $4,139.77. It is in evidence that the method of accounting in use by petitioner did not enable it to ascertain the cost of dressed poultry and the basis upon which the valuation of $4,139.77 was arrived at is not known. There is evidence of the prices at which the sale of the poultry was made in April, 1920, and of quotations reported of prices offered for fresh-killed poultry in December, 1919. The evidence does not justify disturbing the inventory originally reported by petitioner.

There was evidence produced at the trial respecting balance sheet items of claims for losses and damages filed against transportation companies and it was argued that these amounts should not be included in the balance sheet for more than one-half their face. The record shows that petitioner's claims of this character amounted to $500 at the beginning of the year 1919 and to $2,400 on November 30, 1919, and that adjustments were made in 1920 under which petitioner received $1,200. Petitioner's counsel argued that the difference between the amount collected in 1920 and the amount appearing on the balance sheet of November 30, 1919, should have been written off as of November 30, 1919. We are of the opinion, however, that the unsettled and unadjusted portion of these claims might properly be written off as of the year 1920.

In his brief, counsel for the petitioner has argued that inasmuch as petitioner's return for 1919 was designated as a calendar-year return, although based on the closing of accounts as of November 30, 1919, that only eleven-twelfths of the additional tax liability as ascertained by the Commissioner should be charged against the petitioner. The record, however, seems to establish the fact that the tax liability asserted by the Commissioner was actually computed upon the basis of the 11-month period ended November 30, 1919, and there is no evidence in the record which would warrant any modification of the computation.

*Judgment will be entered for the respondent.*