## WADSWORTH MFG. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5523.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1930.

G. E. Cleary, of New York City (Arthur A. Ballantine, of New York City, on the brief), for petitioner.

J. G. Remey, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and R. N. Shaw, all of Washington, D. C., on the brief), for respondent.

Before DENISON and HICKENLOOPER, Circuit Judges, and WEST, District Judge.

HICKENLOOPER, Circuit Judge.

The petition herein questions the validity of an order of redetermination of income and excess profits tax for the year 1921. On August 16, 1919, petitioner entered into a contract for the erection of a factory building for a guaranteed total price (as subsequently modified) of $946,106. The contractor entered upon the performance of the contract but later defaulted, and in the year 1920 the petitioner was required to, and did, take over the completion of the building. The entire cost to the petitioner was $1,218,349.08, or an excess of $272,243.08 over the maximum cost guaranteed by the contractor. In January, 1920, the petitioner offered to assume $30,000 of this excess cost, and petitioner's claim against the contractor was thereupon reduced to the sum of $242,243.08, upon which suit was commenced May 5, 1921.

On December 23, 1921, the contractor was adjudicated a bankrupt, the schedules filed

with the petition showing assets of $2.39 in cash and a claim of $300 against an individual whose address was unknown. Petitioner's claim was thereupon determined by it to be worthless and was charged off, although the suit then pending was not dismissed until June 1, 1926. The continuance of the litigation was due to the fact that one James Bentley had executed a bond for the performance of the original contract, and in the forlorn hope that he might be held liable upon such bond, notwithstanding the contract had been modified and the petitioner had been advised by counsel that the liability of the surety was thereby discharged. Petitioner claims the right to deduct the amount of this claim from its income for the year 1921 as one determined to be worthless and charged off during the tax year.

■ Section 234(a)(4) of the Revenue Act of 1921 (chapter 136, 42 Stat. 227) permits the deduction of "losses sustained during the taxable year and not compensated for by insurance or otherwise," and paragraph (5) of subsection (a) of said section similarly permits deduction of "debts ascertained to be worthless and charged off within the taxable year." We consider the question presented entirely apart from the contention made by respondent that the unclosed bankruptcy proceedings and the pending litigation against the surety prevented determination that the debt was wholly worthless during the year 1921, and accept, without deciding, that it was then open to the petitioner, upon the advice of counsel, to make that determination and adopt the course pursued. But it does not follow from the mere fact that there was a conceded liability of some amount on the part of the contractor, that such liability was a "debt" in the sense in which that word was used in the act. It is impossible to consider the claim apart from the facts which gave it rise—the contract, its partial performance, its breach, and the completion of the building by petitioner. So considered, it is obvious that that which was determined to be worthless and was charged off was an unadjudicated claim for breach of contract. This is not a "debt" within section 234(a)(5) of the Revenue Act of 1921. Lewellyn v. Electric Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262.

■■ Nor did the additional expenditure of petitioner result in a "loss" under section 234 (a)(4). Such expenditure was a capital investment. La Belle Iron Works v. U. S., 256 U. S. 377, 388, 41 S. Ct. 528, 65 L. Ed. 998.

It was so treated by petitioner, and there is no showing that there was, to any extent, a duplication of payment of reasonable cost, or that, when completed, the building was not reasonably worth the entire sum expended in its construction. Indeed, no loss or gain could arise under this section unless and until the building was sold, and it was thus definitely determined whether the investment had been ultimately profitable or unprofitable. Until the transaction is "closed and completed," the loss is not "sustained." U. S. v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120.

The present case is clearly distinguishable from those in which, having already paid the contractor for labor and material used in the construction of a building, the owner is thereafter required to satisfy and discharge mechanics' liens covering identical items. Here, as remarked by the Board of Tax Appeals, the petitioner has but lost the advantage of a very profitable contract, without evidence of actual loss sustained. There, a presumption or inference of loss arises from the duplication in payment for the same material or service.

It follows that the decision of the Board of Tax Appeals must be affirmed.