COMMISSIONER OF INTERNAL REVENUE
v. JOHN THATCHER & SON.

No. 270.

Circuit Court of Appeals, Second Circuit.

April 8, 1935.

L. HAND, J., dissenting in part.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., for petitioner.

Herman Goldman, of New York City (Benjamin Wiener, of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The taxpayer is a New York corporation engaged in the building construction business. For the year 1928 the Commissioner disallowed a deduction claimed by the taxpayer, and assessed a deficiency tax. Had the deduction been allowed, the taxpayer would have sustained a net loss for 1928 which could have been deducted in computing the net income for 1929; consequently the tax for that year was also affected. Upon the taxpayer's appeal to the

Board, the deduction was held allowable in the year 1928. By this proceeding the Commissioner seeks a reversal of that decision.

The facts have been stipulated. In 1917 the taxpayer entered into a contract for the construction of a building in New Orleans, La., which was completed in 1919. Part of the work was let to subcontractors under contracts which permitted the taxpayer as the general contractor, in case of default by the subcontractor, to take over the work and complete it at the latter's expense. The subcontractor furnished the taxpayer with a surety bond for the faithful performance of his work and for the payment of any damages sustained by reason of default. Several of the subcontractors defaulted and the taxpayer as general contractor completed the work under their subcontracts at a cost to it in excess of what it received for completing the work, of $63,785.60. This sum it sought to recover by suit from the subcontractors and their sureties, but the litigation finally resulted in 1928 in a decision adverse to the taxpayer. Fritz Jahncke, Inc., v. Fidelity & Deposit Co., 166 La. 593, 117 So. 729. In its original return for 1928 the taxpayer deducted as "bad debts" the amount of $63,785.60. Its books were kept on the accrual basis for all of the years involved.

■ Although the taxpayer's original return claimed the deduction as a bad debt, the Board did not allow it on that theory and the taxpayer no longer makes such contention. Unless the claim for breach of contract could have been accrued as income when the subcontractors defaulted, it clearly could not be charged off as a worthless debt when efforts to collect came to an adverse termination in 1928. That the claim was too contingent to admit of treatment as an accrued asset cannot be doubted after this court's decision in Buffalo Union Furnace Co. v. Helvering, 72 F.(2d) 399, 404. The deduction, therefore, could not be considered a bad debt, but was obviously a mere claim for breach of contract. See Wadsworth Mfg. Co. v. Commissioner, 44 F.(2d) 762 (C. C. A. 6); Harmount v. Commissioner, 58 F.(2d) 118 (C. C. A. 6). The deduction was allowed under section 23 (f) of the Revenue Act of 1928 (45 Stat. 799, 800, 26 USCA § 2023 (f), which permits the deduction of "losses sustained during the taxable year and not compensated for by insurance or otherwise." It is as a loss which first became fixed and def-

inite when its suit was lost in 1928, that the taxpayer now seeks to sustain the deduction. The Commissioner, on the other hand, contends that the deduction should have been taken when the work of completing the subcontractors' contracts was performed by the taxpayer, that is, during or prior to the year 1919, since the entire building was finished in that year.

■ In our opinion the Commissioner's position is correct. The cost of doing the work was necessarily paid or accrued in the years in which it was done, and was then deductible under section 214 (a) (1) of the Revenue Act of 1918 (40 Stat. 1066) as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." In completing the work sublet to the defaulting contractors, the taxpayer was performing its own contract with the owner of the building. We cannot doubt, therefore, that the expenditures made and liabilities incurred in such performance constituted ordinary and necessary expenses paid or incurred in its business. Compare Wadsworth Mfg. Co. v. Commissioner, 44 F.(2d) 762 (C. C. A. 6). So far as this record discloses, such expenses may have been deducted in those years. If they were, to allow the deduction in 1928 would be a duplication; but if they were not, the taxpayer's error in failing to claim a permissible deduction cannot be rectified by permitting it to be taken in a later year. See United States v. Ludey, 274 U. S. 295, 304, 47 S. Ct. 608, 71 L. Ed. 1054; Darling v. Commissioner, 49 F.(2d) 111, 113 (C. C. A. 4), cert. denied 283 U. S. 866, 51 S. Ct. 657, 75 L. Ed. 1470. The fact that the taxpayer expended some $63,000 in excess of what it received for completing the work of the defaulting subcontractors reduced its taxable income for the years when the expenditures were made. Had it succeeded in recovering damages from the subcontractors or their sureties, such recovery would have been income in the year when received. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383. Its failure to collect such income was not a loss of a sort permitted to be deducted in computing taxable income—it was no different from a failure to receive expected income such as dividends or interest payments. In our opinion the Sanford & Brooks Case governs the case at bar, though there the precise issue before us was not directly involved.

902

But if it were conceded that the excess expenditures should be deemed a "loss" rather than ordinary and necessary expenses, the result would be no different. The loss occurred when the expenditures were made and was then deductible unless it was compensated for by insurance or otherwise. We think the taxpayer's claim for damages against the subcontractors and their sureties was too contingent and uncertain to be treated as compensation by "insurance or otherwise" for the loss. It is clear from the authorities that the subcontractors and their sureties sustained no deductible loss because of the taxpayer's assertion of a claim which they disputed. Lucas v. American Code Co., 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010; Burnet v. Huff, 288 U. S. 156, 53 S. Ct. 330, 77 L. Ed. 670. If the liability of the obligor is too contingent to be accrued as a loss to him, it would seem to follow that the claim of the obligee is likewise too contingent to be considered compensation for a loss already realized by the latter. See Commissioner v. Highway Trailer Co., 72 F.(2d) 913 (C. C. A. 7); Commissioner v. Southeastern Express Co., 56 F.(2d) 600 (C. C. A. 5). The order of the Board is reversed and the cause remanded.

L. HAND, Circuit Judge, concurs on second ground.