## H. D. LEE MERCANTILE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1181.

Circuit Court of Appeals, Tenth Circuit.

Aug. 26, 1935.

J. B. Grice, of Washington, D. C., for petitioner.

Arnold Raum, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

In its return of income for 1927, petitioner deducted $42,688.91 as a business loss. The Commissioner disallowed it and the Board of Tax Appeals affirmed. The circumstances are these:

In 1919 petitioner ordered 500,000 yards of cloth from Woodward, Baldwin & Co., for delivery between March and September, 1920, at 39½ cents a yard. Thirty thousand yards were delivered in April, 1920, made up into clothing and paid for. Petitioner claimed the cloth was not up to standard. Additional shipments came in until August, 1920, totaling 103,000 yards. These shipments were paid for on the invoice, taking advantage of the trade dis-count, before arrival of the goods covered thereby. In November, 1920, petitioner invoiced the cloth back to the seller and charged its account with the price plus interest and expenses—the amount now involved. In the spring of 1921 efforts were made to adjust the controversy, the seller offering to take back the goods and cancel out the balance of the order if petitioner would either give it a new order for 300,000 yards at 26 cents a yard or pay 5½ cents a yard for cloth undelivered under the contract. It thus appears that the market price had materially declined since the order was given, and that each asserted a claim against the other. Nothing came of these negotiations. Petitioner made the cloth up into garments, using it for linings for which cheaper cloth ordinarily was used. No credit was given the seller, nor the government in this claim, for the value of the cloth used. Nothing more occurred except occasional statements by Mr. Lee to his employees that he believed the account collectible, until 1927, when Mr. Lee told his auditor, for the first time, that he was in doubt about collecting it. In 1927 it was charged off. Mr. Lee died in 1928 from an illness with which he was stricken in 1927.

The petition to review does not point out the section under which the deduction is claimed, merely asserting that the board erred in holding it "is not a legal loss and an allowable deduction." The brief and oral argument are almost as vague, the position taken being that the facts give rise either to a loss "sustained during the taxable year and not compensated for by insurance or otherwise" or a debt "ascertained to be worthless and charged off within the taxable year." Section 234 (a) 4 and 5, Revenue Act 1926, 44 Stat. 41, 26 USCA § 986 (a) (4, 5). Counsel indicates no preference between these sections which are mutually exclusive. Spring City Foundry Co. v. Commissioner, 292 U. S. 182, 189, 54 S. Ct. 644, 78 L. Ed. 1200. We are left to understand that either section selected by the court will be satisfactory to counsel.

The record discloses neither a loss nor a worthless debt during the taxable year. Even if the cloth was not up to contract, the seller was a large and responsible concern, amply able to respond for breaches of contract. For the same reason, the debt was not worthless, even if an unad-

judicated claim for breach of contract can be considered a debt, as has otherwise been held. Lewellyn v. Elec. Reduction Co., 275 U. S. 243, 246, 48 S. Ct. 63, 72 L. Ed. 262; Wadsworth Mfg. Co. v. Commissioner (C. C. A. 6) 44 F.(2d) 762. It is a startling proposition that a taxpayer may, for reasons of his own, decline to enforce a valid claim against a responsible concern and then assert that he has sustained a business loss which the government should share. "Obviously, the mere refusal to perform a contract does not justify the deduction, as a loss, of the anticipated damages. For, even an unquestionable breach does not result in loss, if the injured party forgives or refrains from prosecuting his claim." Lucas v. American Code Co., 280 U. S. 445, 450, 50 S. Ct. 202, 203, 74 L. Ed. 538, 67 A. L. R. 1010. Petitioner suggests that it might not win the suit, intimating that the seller might have counterclaimed for breach of contract, or that a jury might find that the claim that the goods were defective was made because of the drop in the market. Perhaps so; the seller is not in court, and it may very well be a court would have found there was no loss when both sides were heard. In any event, petitioner did not choose to submit the controversy to a court.

Nor does the record disclose any identifiable event by which to associate the loss with the 1927 tax year. It is said that a lawyer once told an employee that the statute of limitations would not run before 1927, but there is no statement that it ran in 1927. No applicable Kansas statute ran in 1927; if the seller was a New York corporation, we know of no seven-year statute in that state. Even so, the statute of limitations cannot be used to convert a valid claim against a responsible debtor into a deductible loss or a worthless debt. Mr. Lee was taken ill in 1927, but that untoward circumstance did not render worthless all the outstanding accounts of petitioner. In 1927 Mr. Lee expressed doubt as to the collectibility of the item. The basis for that doubt is not disclosed. The facts supporting the alleged breach of contract had not changed; the courts were still open; the seller was still able to respond to a judgment.

The position of petitioner comes to this: A taxpayer has an absolute right to determine whether he shall require a defaulting contractor to make good the loss occasioned by the default. If the taxpayer decides, for business reasons or from friendly motives, not to recoup his loss from the defaulter, then he may deduct the loss from his taxable income in the year in which the decision is made; if that year happens to be one in which he has a large income, that is a matter of no concern to the government.

We cannot subscribe to such doctrine. Before a loss is deductible under either section of the statute, it must be an actual loss which occurred during the taxable year. The proof here fully sustains the action of the Commissioner and the decision of the Board of Tax Appeals. In reaching this conclusion, we have examined the following authorities, among others, which have some bearing on the propositions decided: Spring City Foundry Co. v. Commissioner, 292 U. S. 182, 54 S. Ct. 644, 78 L. Ed. 1200; U. S. Cartridge Co. v. U. S., 284 U. S. 511, 52 S. Ct. 243, 76 L. Ed. 431; Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; Lewellyn v. Elec. Reduction Co., 275 U. S. 243, 48 S. Ct. 63, 72 L. Ed. 262; U. S. v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120; Darling v. Commissioner (C. C. A. 4) 49 F. (2d) 111, certiorari denied 283 U. S. 866, 51 S. Ct. 657, 75 L. Ed. 1470; Avery v. Commissioner (C. C. A. 5) 22 F.(2d) 6, 55 A. L. R. 1277; Commissioner v. John Thatcher & Son (C. C. A. 2) 76 F.(2d) 900; Olympia Harbor Lumber Co. v. Commissioner (C. C. A. 9) 79 F.(2d) 394.

If there was a loss, the record is silent as to the amount of it, for these goods were used in making garments, and except for the sketchy statement that trimmings "relatively cost us 14 cents a yard for 52.85 weight," we have no idea how much of the loss has been thus recouped.

Affirmed.