HINRICHS v. HELVERING, Commissioner of Internal Revenue.

No. 6912.

United States Court of Appeals for the District of Columbia.

Argued Dec. 10, 1937.

Decided Jan. 17, 1938.

Oscar P. Mast, of Washington, D. C., for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, A. M. Sellers, Morrison Shafroth, and DeWitt M. Evans, all of Washington, D. C., for respondent.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

GRONER, C. J.

This is a tax case. Petitioner purchased in 1928 five shares of the stock of the Capital Title & Guarantee Company, of Washington city, and paid therefor $500. The inducement to the purchase was a letter written by an official of a New York title company to the president of the Washington company to the effect that the plant of the latter had been examined by experts of the New York company and found to be one of the best title plants in existence and worth a high figure—most of which turned out to be untrue. In 1930 the Washington company ceased operations and its plant and assets were sold at foreclosure, and nothing remained for its stockholders. In the latter part of 1930 in response to the solicitation of a stockholders' committee petitioner contributed $20 toward the expenses of a proposed suit against the New York company, the purpose of which was to charge it with fraudulently and deceitfully making false representations as the result of which petitioner and others were induced to purchase the stock of the Washington company. Two actions were begun in the District Court; one by Grace L. Hutton and the other by John H. Schaeffer. The Hutton Case was tried to a jury in March, 1933, and resulted in a verdict favorable to the plaintiff, and an appeal to this court was taken by the New York company. In the Schaeffer case a verdict was returned for the defendant, also in March, 1933, and a new trial denied and no appeal taken. In the Hutton Case this court in 1934, New York Title & Mortgage Co. v. Hutton, 63 App. D.C. 266, 71 F.2d 989, set aside the judgment rendered on the verdict and held that

the evidence was insufficient to make an issue for the jury, and that binding instructions in favor of defendant should have been given. Petitioner, after the judgment in the Schaeffer case and while the Hutton Case was still pending in this court on appeal, charged off for the year 1933, as losses, the $500 purchase price of the stock and the $20 contributed to the expense of the test suit and claimed the same as deductions for losses sustained in that year. The Commissioner ruled that the loss was sustained in the year 1930 when the assets of the Washington company were sold in foreclosure proceedings. The Board of Tax Appeals sustained the Commissioner's determination, saying that the circumstances fixed the loss in 1930 and not 1933.

We think the Board's decision should be affirmed on either of two grounds: First, that the admitted facts show that the loss was sustained in 1930 and that the claim against the New York Company was too contingent and uncertain to make the loss "compensated for by insurance or otherwise," Revenue Act 1928, c. 852, 45 Stat. 791, § 23, 26 U.S.C.A. § 23 and note; second, that even if the loss be considered as not completely established in 1930—which we think is not the case—it was not established in 1933 when the Schaeffer case was decided adversely to petitioner's interests, but in 1934 when this court on the appeal in the Hutton Case decided finally against the claim of liability.

Petitioner relies principally upon Lewellyn v. Electric Reduction Co., 275 U.S. 243, 48 S.Ct. 63, 72 L.Ed. 262; Lucas v. American Code Company, 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; and Burnet v. Huff, 288 U.S. 156, 53 S.Ct. 330, 77 L.Ed. 670. But we find no rule announced in any of those cases which, applied to the facts in this case, will sustain petitioner's claim. Treasury Regulations 74, promulgated under the Revenue Act of 1928 (Art. 174) provide: " * * * If stock of a corporation becomes worthless, its cost or other basis determined under section 113 [26 U.S.C.A. § 113 note] may be deducted by the owner in the taxable year in which the stock became worthless, provided a satisfactory showing of its worthlessness be made, as in the case of bad debts. * * *"

It is agreed in this case that the stock became utterly worthless in 1930, and the quoted regulation is, therefore, applicable unless the loss sustained in 1930 was "compensated for by insurance or otherwise." There are no facts shown here which will justify us in saying that the nebulous claim against the New York company will bring petitioner's case within the quoted language of the statute. The cases of United States v. S. S. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; Commissioner v. John Thatcher & Son, 2 Cir., 76 F.2d 900, and Commissioner v. Highway Trailer Co., 7 Cir., 72 F.2d 913, were all cases in which the anticipation of recovery was far greater than in the instant case, and were all decided adversely to a claim similar to petitioner's.

Affirmed.