## COMMISSIONER OF INTERNAL REVENUE v. WINTHROP.

### No. 306.

Circuit Court of. Appeals, Second Circuit.

July 12, .1938.

James W. Morris, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Rollin Browne, George H. Craven, and Kenneth W. Gemmill, all of New York City, for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The issue presented by this petition is whether a capital loss was sustained by the taxpayer in the year 1932, as the Board ruled, or in 1934, as the Commissioner contends. The loss resulted from the liquidation of Lackawanna Securities Company, a Delaware corporation, of whose capital stock the taxpayer owned 4,500 shares. This corporation had been organized to acquire and hold an issue of bonds of Glen Alden Coal Company; and said bonds and the interest received thereon were the only assets it ever owned. In 1932 the directors and stockholders of the Securities Company passed resolutions providing for its liquidation and dissolution and for the distribution of its assets to stockholders of record on July 25, 1932. On that date there were 841,500 shares of capital stock outstanding and the company's assets consisted of $51,-000,000 of Glen Alden bonds and $362,958.-79 in cash. Pursuant to the plan of liquidation the taxpayer, on August 18, 1932, surrendered his 4,500 shares of stock and received in exchange Glen Alden bonds having a definite market value that was several thousand dollars less than the cost basis to him of the stock surrendered, and a "liquidation certificate" which stated that the taxpayer had surrendered his shares and was "entitled to receive proportionate interest in final liquidation distribution, if any, to the company's stockholders, as of record at the close of business July 25th 1932." The liquidation certificate had an estimated value of $900, that is, 20 cents on each share of stock surrendered; it repre-

sented an interest in cash retained by the Securities Company in excess of the amount estimated by its officers to be required for payment of taxes, expenses and costs of dissolution. The Board has found that at the time the taxpayer received the liquidation certificate he and the officers of the company knew that he would receive thereon an additional distribution of approximately 20 cents per share, and this is the amount he actually did receive in 1934. A certificate of dissolution of the Securities Company was issued by the Secretary of State of Delaware on January 7, 1933. Shortly thereafter the Commissioner ruled that any loss sustained by stockholders on the company's liquidation should be taken in 1932, since the fair market value of the bonds and liquidation certificates "was susceptible of determination at the time of their receipt"; but subsequently he reversed this ruling and now contends that the loss must be deducted in 1934 since the liquidation distribution was not complete until then.

The applicable provisions of the Revenue Act of 1932 (47 Stat. 169) read as follows:

"§ 23. *Deductions from gross income*

"In computing net income there shall be allowed as deductions: * * *

"(e) * * * losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business * * *." 26 U.S.C.A. § 23(e).

"§ 111. *Determination of amount of gain or loss*

"(a) *Computation of gain or loss.* Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b), and the loss shall be the excess of such basis over the amount realized.

"(b) *Amount realized.* The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received." 26 U.S.C.A. § 111.

* * *

"§ 115. *Distributions by corporations—*
* * *

"(c) *Distributions in liquidation.* Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111 * * *." 26 U.S.C.A. § 115 note.

The Commissioner contends that because in 1932 it was reasonably certain that a further liquidating dividend would be paid, the transaction was not closed and the taxpayer's loss was not realized until the final distribution in 1934. He relies strongly upon Dresser v. United States, 55 F.2d 499, Ct.Cl., certiorari denied 287 U.S. 635, 53 S.Ct. 85, 77 L.Ed. 550. The Board correctly distinguished that case. There the corporation in process of liquidation had tangible assets which had not been converted into cash and intangible assets the value of which had not been determined. When as in the case at bar the shares of stock of a company in liquidation are surrendered, the only remaining asset of the company is money, and the disbursements to be charged against it are known with enough certainty to make sure what the final dividend will be, we think that the liquidation is complete within the intendment of the provisions relating to loss on the investment. There is controlling authority to the effect that "the general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test." Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010. See, also, United States v. White Dental Mfg. Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; De Loss v. Commissioner, 2 Cir., 28 F.2d 803, 804, certiorari denied 279 U.S. 840, 49 S.Ct. 254, 73 L.Ed. 987; Gowen v. Commissioner, 6 Cir., 65 F.2d 923. In the case at bar, the fact of loss was established beyond possibility of doubt by events occurring in 1932, for the taxpayer would have sustained a loss even if every cent of the cash reserved by the Securities Company had been distributed to stockholders; and the amount of his loss was then determinable with reasonable certainty, since the bonds and liquidation certificate had a value susceptible of determination, as the Commissioner himself at first conceded. That the liquidation certificate

could be then valued with certainty is established by the fact that it was valued and that the value placed upon it turned out to be absolutely accurate. Upon the facts disclosed in this record, we think the Board correctly ruled that the capital loss was deductible in 1932.

Order affirmed.