**CALLAN v. WESTOVER.**

Civ. No. 13357.

United States District Court
S. D. California, Central Division.

Oct. 30, 1953.

Herbert S. Miller, Beverly Hills, Cal., for plaintiff.

Walter S. Binns, Edward R. McHale, Asst. U. S. Atty., E. H. Mitchell, Asst. U. S. Atty., Eugene Harpole, Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for defendant.

MATHES, District Judge.

Plaintiff brought this action to recover income taxes claimed to have been erroneously paid to defendant as Collector of Internal Revenue for the calendar year 1946. Jurisdiction of this court is invoked under 28 U.S.C. § 1340. See: Lowe Bros. Co. v. United States, 1938, 304 U.S. 302, 305, 58 S.Ct. 896, 82 L.Ed. 1362; Sage v. United States, 1919, 250 U.S. 33, 37, 39 S.Ct. 415, 63 L.Ed. 828; 28 U.S.C. § 2006 and Reviser's note following § 1346, 28 U.S.C.A.

The original complaint was dismissed upon motion for failure to state a claim or cause of action for which relief could be granted, Fed.Rules Civ.Proc. Rules 8(a), 12(b) (6), 54(c), 28 U.S.C.A. and defendant now moves upon the same grounds to dismiss the amended complaint.

The material facts alleged in the amended complaint are briefly these. Prior to and on and after March 2, 1938 plaintiff was the owner of certain real property improved with two dwelling houses and other fixtures and furnished and equipped with various items of personalty. The total cost to plaintiff of the entire property so improved and equipped was $166,535, after deducting depreciation allowed and allowable. See Int.Rev.Code §§ 23(i), 113(b), 26 U.S.C. §§ 23(i), 113(b); U.S.Treas.Reg. 111, § 29.23(i)–1, 26 CFR § 29.23(i)–1.

It is next alleged that since prior to 1938 "plaintiff has been engaged in the business of constructing, furnishing, owning, operating and renting residential real estate"; and that at the time of the calamity later described one of the two dwelling houses in question was occupied by a paying tenant and the other by plaintiff in keeping with plaintiff's "business practice * * * to occupy residences in order to more advantageously display such residences to prospective tenants or purchasers. * * *"

Then follow allegations that on or about March 2, 1938, "the Los Angeles River overflowed its banks * * * suddenly, and caused a flood which inundated plaintiff's said real estate * * * and entirely washed away and destroyed all * * * improvements * * * and all * * * personal property * * * and so damaged plaintiff's land * * * that the aggregate value * * * after said flood was only Four Thousand Dollars * * *." There is no mention of any insurance.

Plaintiff further alleges: that following the flood he "strongly believed and was advised by his attorneys that he could obtain reimbursement for the damages to his property by legal action against the Los Angeles County Flood Control District and in fact had a reasonable chance at the end of the year 1938 to obtain said reimbursement and possibly a profit"; that accordingly he filed a claim for $220,740 against the Flood Control District, which claim was denied; that he thereupon filed suit against the Flood Control District in the California Superior Court "and continuously and diligently prosecuted the case thereafter"; that the case went to trial by jury in 1946, and a verdict for $80,-000 was returned in favor of plaintiff; that he "made no motion for a new trial, nor * * * attempt to secure any remedy other than judgment for the amount of said verdict"; that he "thereupon and at that time in the year 1946 abandoned all efforts to secure any recovery or reimbursement in excess of * * * $80,000 represented by the verdict"; that the Superior Court, upon motion of the Flood Control District, set aside the verdict and ordered a new trial; that plaintiff appealed from the order granting a new trial, but the District Court of Appeal affirmed, Stone v. Los Angeles County Flood Control District, 1942, 81 Cal.App.2d 902, 185 P.2d 396, the California Supreme Court refused plaintiff's petition for a hearing, Id., 81 Cal.App.2d at page 912, 185 P.2d at page 396, and the case was thereupon remanded for a new trial; that "in the year 1948, plaintiff executed an agreement of settlement * * * with the * * * Flood Control District," and his "net recovery in said settlement after attorneys' fees and court costs was * * * $8,-403.05."

Plaintiff also alleges that he regularly filed his return and paid defendant the $13,400.67 income tax shown thereon for the calendar year 1946, without deducting any amount as a loss sustained during the taxable year 1946 by reason of the 1938 flood; that "his true income tax liability for the year 1946 was zero"; that the computations shown on his 1946 return were erroneous and the tax was erroneously collected by defendant because "abandonment by plaintiff in the

year 1946 of his claim for reimbursement and/or the rendition of the jury verdict and Superior Court judgment for only $80,000 represented the sustaining of a loss by plaintiff in that year * * * of at least $82,585 not reimbursed by insurance or otherwise * * *." See Int. Rev.Code § 23(e), 26 U.S.C. § 23(e).

In conclusion it is alleged that in 1948 plaintiff filed an amended return for 1946 "setting forth the correct tax liability as zero," along with a claim against defendant for a refund of the entire $13,400.67 tax theretofore paid defendant as plaintiff's 1946 tax; and that on or about March 13, 1950 the Commissioner of Internal Revenue rejected the claim in full. This action followed.

Section 23 of the Internal Revenue Code provides in part that:

"In computing net income there shall be allowed as deductions: * * *.

"(e) In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—(1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or (3) of property not connected with the trade or business, if the loss arises from fires, storms, * * * or other casualty, or from theft." 26 U.S.C. § 23(e).

The precise question presented by the motion to dismiss at bar is whether, on the facts alleged in the amended complaint, the court could properly hold as a matter of law that any part of the loss suffered by plaintiff as a proximate consequence of the 1938 flood was "sustained during the taxable year" of 1946, 26 U.S.C. §§ 41, 48, "and not compensated for by insurance or otherwise", within the meaning of the quoted provisions of § 23(e). Cf. Commissioner of Internal Rev. v. Highway Trailer Co., 7 Cir., 1934, 72 F.2d 913, 915 (dissenting opinion), certiorari denied, 1935, 293 U.S. 626, 55 S.Ct. 346, 79 L.Ed. 713.

The applicable regulations of the Commissioner, 26 U.S.C. §§ 62, 3791, provide that: "In general losses for which an amount may be deducted from gross income must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed. Substance and not mere form will govern in determining deductible losses." U.S.Treas.Reg. 111, § 29.23 (e)–1(b), 26 CFR § 23(e)–1(b).

These regulations, as the Court observed in Boehm v. Commissioner, 1945, 326 U.S. 287, 291–292, 66 S.Ct. 120, 123, 90 L.Ed. 78, have been "long continued without substantial change * * * and have the effect of law." See e. g.: United States v. S. S. White Dental Mfg. Co., 1927, 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120; First Nat. Corp. v. Commissioner, 9 Cir., 1945, 147 F.2d 462; Commissioner v. Peterman, 9 Cir., 1941, 118 F.2d 973; Cahn v. Commissioner, 9 Cir., 1937, 92 F.2d 674.

Defendant contends in support of the motion that destruction of plaintiff's property by flood was the "identifiable event" which fixed the time of plaintiff's loss, that the loss was admittedly not "compensated for by insurance or otherwise," and hence must be deemed "evidenced by [a] closed and complete transaction" within the meaning of the quoted regulations, since the alternative phrase "or otherwise" denotes, says defendant, nothing more or less than a consensual undertaking comparable to a contract of insurance, such as the unequivocal contractual obligation of some third person to reimburse the taxpayer in whole or in part.

In other words, the argument goes, the law intends that both the taxpayer and the Government should know with certainty when a loss is deductible; that the purpose of the statute, 26 U.S.C. § 23(e), is to establish a predictable rule which both permits and requires the taxpayer in a case like that at bar to make the deduction for the year in which the "physical damage" occurs, see Commissioner of Internal Revenue v. Highway Trailer Co., supra, 72 F.2d at page 915, unless "compensated for" by insurance

or other contract such as will permit of a deduction later for loss from "bad debts" within § 23(k) of the Internal Revenue Code, 26 U.S.C. § 23(k), in the event the insurer or other obligor should default and the taxpayer thus fail in his efforts at recoupment. Cf. John H. Farish & Co. v. Commissioner, 8 Cir., 1929, 31 F.2d 79, 81; Farmers Elevator & Exchange v. Commissioner, 10 B.T.A. 379, 381 (1928).

Upon granting defendant's motion to dismiss the original complaint I was persuaded that this narrow construction of § 23(e) urged by defendant was sound both in reason and in policy, that the rule urged by defendant made for certainty and predictability for both the taxpayer and the Government and was, moreover, permissible under precedents which by stare decisis bind this court.

That holding was made "in the light of the now familiar rule that an income tax deduction is a matter of legislative grace * * * that the burden of clearly showing the right to the claimed deduction is on the taxpayer." Interstate Transit Lines v. Commissioner, 1943, 319 U.S. 590, 593, 63 S.Ct. 1279, 1281, 87 L.Ed. 1607, and that "only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348.

However, further consideration of the problem in connection with the pending motion and the more recent decision in Alison v. United States, 1952, 344 U.S. 167, 73 S.Ct. 191, have combined to convince me that it was error to grant defendant's motion to dismiss the original complaint in this action.

Although Alison involved loss resulting from a concealed embezzlement, the rationale of the opinion and the implied reaffirmation of the rationale of Boehm v. Commissioner, supra, 326 U.S. 287, 66 S.Ct. 120, 90 L.Ed. 78, serve to make the holding applicable in the case at bar. This is clearly so when Alison and Boehm are considered in the light of earlier pronouncements of the Court treating with kindred problems, keeping in mind differences existing from time to time in the scope of review of decisions of the Tax Court. See Dobson v. Commissioner, 1943, 320 U.S. 489, 496–498, 501–502, 64 S.Ct. 239, 88 L.Ed. 248; 26 U.S.C. § 1141(a); Fed.Rules Civ.Proc., Rule 52, 28 U.S.C.A.; Arrowsmith v. Commissioner, 1952, 344 U.S. 6, 12, 73 S.Ct. 71 (dissenting opinion).

Thus it seems now to be settled that losses not evidenced by "closed and completed transactions," within the meaning of the regulations, must be held "compensated for by * * * or otherwise", within the meaning of § 23(e). 26 U.S.C. § 23(e); e. g. Alison v. United States, supra, 344 U.S. 167, 73 S.Ct. 191; Whitney v. Commissioner, 1949, 13 T.C. 897. The problem then is to determine in a given case whether the loss in question is evidenced by a "closed and completed" transaction.

To be deductible, Mr. Justice Holmes wrote in Weiss v. Wiener, 1929, 279 U.S. 333, 335, 49 S.Ct. 337, 73 L.Ed. 720, "the loss must be actual and present, not merely contemplated as more or less sure to occur in the future." Thus the "mere existence of liability [on the part of the taxpayer] is not enough to establish a deductible loss." Burnet v. Huff, 1933, 288 U.S. 156, 160, 53 S.Ct. 330, 331, 77 L.Ed. 670.

Nor is the mere existence of an unsatisfied claim for recoupment in favor of the taxpayer enough to prevent the loss from being held deductible. In United States v. S. S. White Dental Co., supra, 274 U.S. at pages 402–403, 47 S.Ct. at page 600, the court said: "The quoted regulations, consistently with the statute, contemplate that a loss may become complete enough for deduction without the taxpayer's establishing that there is no possibility of an eventual recoupment. * * * The taxing act does not require the taxpayer to be an incorrigible optimist. We need not attempt to say what constitutes a closed transaction evidencing loss in other situations. It is enough to justify the deduc-

tion here that the transaction causing the loss was completed when the seizure was made. It was none the less a deductible loss then, although later the German government bound itself to repay and an award was made by the Mixed Claims Commission which may result in a recovery."

The Court speaking through Mr. Justice Brandeis in Lucas v. American Code Co., 1930, 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, explained and extended the rule in this way: "Generally speaking, the income tax law is concerned only with realized losses, as with realized gains. * * * Exception is made, however, in the case of losses which are so reasonably certain in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized. As respects losses occasioned by the taxpayer's breach of contract, no definite legal test is provided by the statute for the determination of the year in which the loss is to be deducted. The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal, test." Accord, Burnet v. Huff, supra, 288 U.S. at page 161, 53 S.Ct. 330; cf. Eckert v. Burnet, 1931, 283 U.S. 140, 51 S.Ct. 373, 75 L.Ed. 911.

Some ten years later, in Smith v. Helvering, 1944, 78 U.S.App.D.C. 342, 141 F.2d 529, 531, it was held that the proper test to be employed in determining whether a loss arising from worthless corporate stock has been sustained during a particular tax period is the subjective one.

The year following, in Boehm v. Commissioner, 2 Cir., 1945, 146 F.2d 553, 555, the Court of Appeals for the Second Circuit "approved the objective rather than the subjective test", declaring: "In so far as Smith v. Helvering * * * adopts the subjective test we must respectfully disagree with it."

The Supreme Court granted certiorari in the Boehm case, 1945, 325 U.S. 847, 65 S.Ct. 1556, 89 L.Ed. 1969, and, upon affirming the decision of the Second Circuit, declared that "unmistakable phraseology [of § 23(e)] compels the conclusion that a loss, to be deductible * * * must have been sustained *in fact* during the taxable year. And a determination of whether a loss was in fact sustained in a particular year cannot fairly be made by confining the trier of facts to an examination of the taxpayer's beliefs and actions. Such an issue of necessity requires a practical approach, all pertinent facts and circumstances being open to inspection and consideration regardless of their objective or subjective nature. * * * The standard for determining the year for deduction of a loss is thus a flexible, practical one, varying according to the circumstances of each case. The taxpayer's attitude and conduct are not to be ignored, but to codify them as the decisive factor in every case is to surround the clear language of § 23(e) and the Treasury interpretations with an atmosphere of unreality and to impose grave obstacles to efficient tax administration." Boehm v. Commissioner, supra, 326 U.S. at pages 292–293, 66 S.Ct. at page 123.

The *ratio decidendi* of Boehm was in effect reaffirmed in Alison v. United States, supra, 344 U.S. at page 170, 73 S.Ct. at page 192, by the holding that: "Whether and when a deductible loss results * * * is a factual question * * * to be decided according to surrounding circumstances."

As if to give emphasis to the "flexible" standard described in Boehm, the Court in Alison added the declaration that: "An inflexible rule is not needed; the statute does not compel it." Ibid. See IRS Rev.Rul. 183, Sept. 14, 1953.

This "flexible, practical" standard *ex necessitate* includes an objective test of the reasonableness of the taxpayer's action "according to the surrounding circumstances," since under our common-law system of justice the ultimate standard in the application of every rule is one of reasonableness. See Funk v. United States, 1933, 290 U.S. 371, 383–385, 54 S.Ct. 212, 78 L.Ed. 369; Pound, The Spirit of the Common Law, 182–183

(1921); Pound, Justice According to Law, 60 (1951).

[8] Applied to a case like that at bar the test is whether or not, "according to the surrounding circumstances," the taxpayer acted or failed to act with "reasonable cause"—exercised "ordinary business care and prudence"—in considering and treating the claimed loss as "evidenced by [a] closed and completed transaction * * * fixed by [an] identifiable event * * * [and] bona fide and actually sustained during the taxable period" for which claimed as a deduction. U.S.Treas.Reg. 111, § 25.23 (e)–1(b), 26 CFR § 29.23(e)–1(b); 2 Restatement, Torts, § 283 (1934); cf. U.S.Treas.Reg. 103, § 29.291–1, 26 CFR § 29.291–1; Note, 64 Harv.L.Rev. 345 (1950).

"According to the surrounding circumstances" may encompass myriad criteria for gauging the reasonableness of the taxpayer's action or inaction, such as whether there was "an actual physical loss * * * resulting in a certain definite, fixed amount of damage," see Commissioner of Internal Revenue v. Highway Trailer Co., supra, 72 F.2d at page 915; cf. Rhodes v. Commissioner, 6 Cir., 1939, 100 F.2d 966, and whether there was any other identifiable later event which might reasonably be looked to in fixing the date of loss, e. g. Burnet v. Huff, supra, 288 U.S. at pages 160–162, 53 S.Ct. 330; Lucas v. American Code Co., supra, 280 U.S. at pages 449–450, 50 S.Ct. 202; Belser v. Commissioner, 4 Cir., 1949, 174 F.2d 386, 387, 389–390. And the taxpayer's "attitude and conduct are not to be ignored". Boehm v. Commissioner, supra, 326 U.S. at page 293, 66 S.Ct. at page 124.

■ In the light of these factors, "determination of the year of loss calls for * * * a consideration of all pertinent facts and circumstances, regardless of their objective or subjective nature". Mine Hill & Schuylkill Haven R. Co. v. Smith, 3 Cir., 1950, 184 F.2d 422, 426; Acheson v. Commissioner, 5 Cir., 1946, 155 F.2d 369, 371; Harral v. United States, D.C.W.D.Tex.1949, 81 F.Supp. 983, 986.

Thus the statutory limitation that a deductible loss is not sustained if "compensated for by insurance or otherwise" places every reasonable possibility of recoupment among the "pertinent facts and circumstances." United States v. S. S. White Dental Co., supra, 274 U.S. at pages 402–403, 47 S.Ct. at page 598; First Nat. Corp. v. Commissioner, supra, 147 F.2d at page 464; Cahn v. Commissioner, supra, 92 F.2d at page 676; Douglas County L. & W. Co. v. Commissioner, 9 Cir., 1930, 43 F.2d 904, 905; see Commissioner of Internal Revenue v. Harwick, 5 Cir., 1950, 184 F.2d 835; Boston Consol. Gas Co. v. Commissioner, 1 Cir., 1942, 128 F.2d 473, 476–477 (concurring opinion); H. D. Lee Mercantile Co. v. Commissioner, 10 Cir., 1935, 79 F. 2d 391; Louisville Trust Co. v. Glenn, D.C.W.D.Ky.1940, 33 F.Supp. 403, 408, affirmed 6 Cir., 1942, 124 F.2d 418; Still, Inc., v. Commissioner, 19 T.C. 1072 (1953); Whitney v. Commissioner, supra, 13 T.C. at page 901; Paul and Mertons, 3 Law of Federal Income Taxation, § 26.54 (1934). Contra: Commissioner of Internal Revenue v. Highway Trailer Co., supra, 72 F.2d at page 915.

■ The precise test then in a case such as that at bar is whether a reasonable taxpayer exercising ordinary business care and prudence would have treated the matter as a "closed and completed" transaction and claimed the deduction as a "realized loss" for the taxable year in which physical loss occurred, without regard to possible recoupment in some future year. Compare H. D. Lee Mercantile Co. v. Commissioner, supra, 79 F.2d at page 393.

■ The taxpayer may not reasonably defer the deduction for loss until some more tax-advantageous year by pursuing a tenuous claim for recoupment. Boehm v. Commissioner, supra, 326 U.S. at pages 290–291, 293–295, 66 S.Ct. 120; Cahn v. Commissioner, supra, 92 F.2d at page 676; see Clark v. Welch, 1 Cir., 1944, 140 F.2d 271, 273–274; Jones v. Commissioner, 9 Cir., 1939, 103 F.2d 681,

685; Hinrichs v. Helvering, 1938, 68 App.D.C. 206, 95 F.2d 117. To paraphrase Mr. Chief Justice Stone's oft-quoted dictum in United States v. S. S. White Dental Co., supra, 274 U.S. at page 403, 47 S.Ct. 598, the law does not permit or require the taxpayer to be an incorrigible optimist. See Niagara Share Corp. v. Commissioner, 4 Cir., 1936, 82 F.2d 208, 211–212; Commissioner v. John Thatcher & Son, 2 Cir., 1935, 76 F.2d 900, 902; Commissioner v. Highway Trailer Co., supra, 72 F.2d at pages 914–915.

By the same token, the law does not permit or require the taxpayer to be an incorrigible pessimist. See Lucas v. American Code Co., supra, 280 U.S. at page 450, 50 S.Ct. 202; Acheson v. Commissioner, supra, 155 F.2d at page 371; First Nat. Corp. v. Commissioner, supra, 147 F.2d at page 464; Commissioner of Internal Revenue v. Winthrop, 2 Cir., 1938, 98 F.2d 74; H. D. Lee Mercantile Co. v. Commissioner, supra, 79 F.2d at page 393; Inland Products Co. v. Blair, 4 Cir., 1929, 31 F.2d 867; Whitney v. Commissioner, supra, 13 T.C. at page 901.

▆ Reasonable and good faith reliance upon the advice of counsel after full and fair disclosure of the facts by the taxpayer is a relevant factor in determining whether the taxpayer had reasonable cause to defer his claim of deduction while in pursuit of possible recoupment. See Cahn v. Commissioner, supra, 92 F.2d at page 676; cf. Haywood Lumber & Mining Co. v. Commissioner, 2 Cir., 1950, 178 F.2d 769, 771; and see 2 Restatement, Torts, §§ 283, 299(d) (1934); 1 Restatement, Agency, §§ 272–282 (1933); Note, 64 Harv.L.Rev., supra, at 347.

▆ Accounting procedures followed by the taxpayer in transactions involved in the claim of loss and any claim for recoupment may be relevant where there is an issue as to good faith. See Commissioner v. Harwick, supra, 184 F.2d 835; Commissioner v. Peterman, supra, 118 F.2d at page 976; cf. Lucas v. American Code Co., supra, 280 U.S. at pages

451–452, 50 S.Ct. 202; Lewellyn v. Electric Reduction Co., 1927, 275 U.S. 243, 245, 247, 48 S.Ct. 63, 72 L.Ed. 262.

▆ The fact that the taxpayer was successful in whole or in part in pursuing his claim for recoupment is immaterial, if the deduction "in the year taken was based on the exercise of reasonable judgment from facts then known." Rhodes v. Commissioner, supra, 100 F. 2d at page 970; see Alison v. United States, supra, 344 U.S. at page 170, 73 S.Ct. 191; Boehm v. Commissioner, supra, 326 U.S. at pages 290–291, 66 S.Ct. 120; Commissioner v. Winthrop, supra, 98 F.2d at pages 75–76.

▆ But since the taxpayer "cannot choose the year", United States v. Ludey, 1927, 274 U.S. 295, 304, 47 S.Ct. 608, 611, 71 L.Ed. 1054, it is a material circumstance that a loss properly deductible for one taxable year may not be deducted for any later year. As Judge Healy put it in First Nat. Corp. v. Commissioner, supra, 147 F.2d at page 464: "If a taxpayer errs in failing to claim a permissible deduction the error can not be rectified by taking the deduction in a later year. * * * On the other hand a capital loss can not be claimed while there remains a reasonable possibility of recoupment. Losses, to be deductible, must in general be evidenced by completed transactions, fixed by identifiable events. The loss must, within reason, be final and irrevocable."

▆ By parity of reasoning it is a material circumstance that any recoupment following deduction is taxable as ordinary income for the taxable year when received. Burnet v. Sanford & Brooks Co., 1931, 282 U.S. 359, 365, 51 S.Ct. 150, 75 L.Ed. 383; Rhodes v. Commissioner, supra, 100 F.2d at page 970.

▆ And it is the policy of the law, as declared by the Court of Appeals of this Circuit in Douglas County L. & W. Co. v. Commissioner, supra, that: "Claimed deductions for * * * inchoate losses are not to be encouraged, and therefore the taxpayer ought not to be penalized for deferring his claim for deductions until he has in good faith,

resorted to reasonable measures for avoiding or minimizing a threatened loss." 43 F.2d at page 905.

 Finally it is to be noted that while in case of doubt the tax statutes and regulations thereunder are "construed most strongly against the government, and in favor of the citizen", Gould v. Gould, 1917, 245 U.S. 151, 153, 38 S. Ct. 53, 62 L.Ed. 211, rulings of the Commissioner of Internal Revenue have "the support of a presumption of correctness", Welch v. Helvering, 1933, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212, and the burden of proof is clearly upon the taxpayer to establish both the fact and the amount of a deductible loss. Burnet v. Houston, 1931, 283 U.S. 223, 227, 51 S. Ct. 413, 75 L.Ed. 991.

Turning again to the precise question at bar—whether the amended complaint states "a claim upon which relief can be granted", Fed.Rules Civ.Proc. Rule 12 (b) (6), 28 U.S.C.A.—it is a material circumstance that under California law plaintiff's claim against the Flood Control District was a chose or "thing in action" which had value and was assignable. Stapp v. Madera Canal & Irr. Co., 1917, 34 Cal.App. 41, 166 P. 823; Cal.Civ.Code, §§ 953, 954.

 If then, as alleged in the amended complaint, plaintiff's physical assets in question, upon being destroyed or damaged in the 1938 flood, were converted *ipso facto* into a chose or "thing in action" of an amount equal to the diminution in value of the physical assets destroyed or damaged as a proximate result of the flood, and plaintiff elected to pursue that claim to possible recoupment in later years, it cannot be said as a matter of law that plaintiff suffered in 1938 a loss "not compensated for by insurance or otherwise" within the meaning of § 23(e) of the Internal Revenue Code. 26 U.S.C. § 23(e); Alison v. United States, supra, 344 U.S. at page 170, 73 S.Ct. 191.

. In my opinion the allegations *inter alia* in the amended complaint that plaintiff "strongly believed and was advised by his attorneys that he could obtain reim-

bursement for the damages to his property by legal action against the Los Angeles County Flood Control District and in fact had a reasonable chance at the end of the year 1938 to obtain said reimbursement" sufficiently tender an issue of ultimate fact for trial by jury as plaintiff has demanded. See Reviser's notes following 28 U.S.C. § 1346, 28 U.S. C.A. § 1346.

The issue thus tendered is whether, in the light of all the surrounding circumstances, plaintiff exercised ordinary business care and prudence in delaying deduction of loss until the taxable year 1946. Cf. Reading Co. v. Commissioner, 3 Cir., 1942, 132 F.2d 306, 310.

This conclusion finds support in the rule that condition of mind may be averred generally, Fed.Rules Civ.Proc. Rule 9(b), 28 U.S.C.A., and the holding that the amount of the taxpayer's eventual recoupment is not determinative, but is only one of the surrounding circumstances. Young v. Commissioner, 2 Cir., 1941, 123 F.2d 597, 600; cf. Boehm v. Commissioner, supra, 326 U.S. at pages 290–291, 294–295, 66 S.Ct. 120.

Accordingly defendant's motion to dismiss the amended complaint is denied.