Robert **RIDDELL**, Collector of Internal Revenue, and Harry C. Westover, former Collector of Internal Revenue, Appellants,

v.

Earl **CALLAN** and Helen W. Callan, Appellees.

No. 14817.

United States Court of Appeals Ninth Circuit.

June 30, 1956.

H. Brian Holland, Asst. Atty. Gen., Harry Marselli, A. F. Prescott, David O. Walter, Ellis N. Slack, Sp. Assts. to Atty. Gen., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Herbert S. Miller, Beverly Hills, Cal., for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

PER CURIAM.

This is a tax refund case. The facts and the district court's conclusions upon a motion to dismiss appear in Callan v. Westover, 116 F.Supp. 191. After that decision, a jury trial was had on the issue, as stated by the Collector of Internal Revenue,

> "whether a loss caused by the destruction of taxpayers' property by flood in 1938 was sustained in that year, or was sustained in 1948 when taxpayers' claim against the Los Angeles County Flood Control District was settled."

The jury found under an agreed form of verdict that the taxpayers did not sustain a closed and completed loss in 1938, the year of the flood, but found the loss was closed and completed upon settlement with the Los Angeles County Flood Control District in 1948. Judgment was rendered for taxpayers.

We agree with, and here affirm, the reasoning of the trial judge, as reported in his denial of the government's motion to dismiss, Callan v. Westover, 116 F. Supp. 191, that it was a question of fact for the jury whether, in the light of all

the surrounding circumstances, taxpayers exercised ordinary business care and prudence in delaying deduction of loss until the taxable year when their claim with the Los Angeles County Flood Control District was settled. The jury was properly instructed as to a determination of this fact, and we find no error as to these instructions.

Judgment affirmed.