PAUL T. SCHMIT AND ROSEMARY SCHMIT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
SCHMIT v. COMMISSIONER
Docket No. 1495-80.
United States Tax Court
T.C. Memo 1982-510; 1982 Tax Ct. Memo LEXIS 235; 44 T.C.M. (CCH) 1048; T.C.M. (RIA) 82510; September 9, 1982. *235 In 1968 petitioner advanced a total of $25,000 to his brother in order to enable him to set up a leasing business. The transfer was evidenced by two promissory notes, one for $5,000 and one for $20,000. Held, a bona fide debt was created between petitioner and his brother in 1968. Held further, petitioner has not proven that the the debt became worthless in 1975, the year at issue. Held further, because petitioner introduced no evidence in support of a claimed $83.42 medical expense deduction, it must be disallowed. Paul T. Schmit, pro se. David D. Dahl, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice *236 of deficiency dated December 4, 1979 respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1975 in the amount of $7,102.34. After concessions, the issues for decision are (1) whether petitioners are entitled to a bad debt deduction in the amount of $25,000 for the taxable year 1975; and (2) whether petitioners are entitled to a medical expense deduction in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts are stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Paul T. Schmit and his wife, Rosemary Schmit, resided in Bay Village, Ohio at the time of filing the petition herein. Rosemary Schmit is a party to this proceeding solely by reason of having filed a joint income tax return with Paul T. Schmit (hereinafter petitioner). They filed a joint Federal income tax return for the taxable year 1975 with the Office of the Director, Internal Revenue Service, in an unstipulated location. In 1966 petitioner Mr. Schmit's brother, Frederick Schmit, left the Catholic priesthood after approximately 20 years and established a leasing *237 business in the Washington, D.C. area. Petitioner stated that he loaned a total of $25,000 to his brother in 1968 to enable him to set up this business. The funds were obtained by petitioner by borrowing from his pension fund. Petitioner introduced into evidence two promissory notes executed by Frederick Schmit, one for $5,000 and one for $20,000. Frederick Schmit made only one interest payment on the notes, that payment occurring in 1968. Petitioner testified that he took the $25,000 bad debt deduction in 1975 because that was the year that he was required to repay the amount borrowed from the pension fund. He believed that he was entitled to a deduction for the amount of money he was out-of-pocket at that time. OPINION Section 166(a)(1), I.R.C. 1954, allows a deduction for any debt which becomes worthless within the taxable year. In order for petitioner to be entitled to a bad debt deduction, he must establish that a valid debt was created and that a true debtor-creditor relationship existed with respect to the purported debt. Sec. 1.166-1(c), Income Tax Regs. In testing the legitimacy of a debt, special scrutiny will be applied in the case of intrafamily debts. Clark v. Commissioner,18 T.C. 780, 783 (1952), *238 affd. per curiam 205 F.2d 353 (1953). [1] As a further condition to obtaining a bad debt deduction, petitioner must prove that the debt became worthless in the year that the deduction was claimed. See sec. 166(a); Welch v. Helvering,290 U.S. 111 (1933). The two promissory notes were introduced into evidence, and a possible difference in the signatures on the two notes caused us some concern. However, in balance we accept petitioner's testimony with respect to the creation of the debts between his brother and himself and therefore hold that a bona fide debt was created between the parties in 1968. [2] However, the deduction must be disallowed due to petitioner's failure to prove that the debt became worthless in 1975. Petitioner's sole reason for claiming the deduction in that year stemmed from the fact that he was required to repay his pension fund in 1975 the amounts originally borrowed and loaned to his brother in 1968. Petitioner simply did not introduce sufficient evidence demonstrating that the traditional indicia of a bad debt existed in 1975. It does not appear *239 that petitioner made any serious efforts to collect the $25,000. One may not for personal reasons decline to collect on a valid debt and then claim that the debt is uncollectable. See H.D. Lee Merchantile Co. v. Commissioner,79 F.2d 391, 393 (10th Cir. 1935), affg. a Memorandum Opinion of this Court; Perry v. Commissioner,22 T.C. 968, 974 (1954). [3] Petitioner's brother failed to appear at trial to testify. His absence was conspicuous in light of petitioner's failure to introduce specific evidence of his brother's financial situation. Because petitioner has failed to establish the worthlessness of the debt in 1975, his claimed deduction must be disallowed. [4]
Respondent adjusted petitioner's deduction for medical expenses due to the upward adjustment of his income caused by the disallowance *240 of the bad debt deduction. In addition, respondent disallowed $83.42 in medical expense deductions claimed by petitioners for the taxable year 1975. This amount allegedly represented expenses incurred for medical insurance premiums. Petitioners have the burden of proving their entitlement to such deductions. Welch v. Helvering,supra.No evidence was presented at trial in support of the $83.42 deduction, and therefore it must be disallowed. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. See also Constantin v. Commissioner,T.C. Memo. 1966-27↩.
2. Petitioner conceded that the loans constituted nonbusiness loans rather than business loans and therefore that the loss characterization should be that of a nonbusiness bad debt. ↩
3. See also Constantin v. Commissioner,supra.↩
4. This holding does not, of course, preclude petitioner from claiming the deduction in some later year.↩