THE ALLIED FURRIERS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50059. Promulgated October 26, 1931.

*Hugh Satterlee, Esq.*, for the petitioner.
*Eugene Harpole, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding, involving an alleged deficiency for the calendar year 1928 in the amount of $3,238.17, is before the Board upon the respondent's motion for judgment on the pleadings on the ground that the amended petition fails to state a cause of action and, specifically, " upon its face discloses that the loss, if any, from burglary was suffered on February 8, 1925, and not during the calendar year 1928."

The allegations of fact stated in the amended petition are as follows:

1. The petitioner is a corporation of the State of New York with principal office at 348 Seventh Avenue in the City of New York, State of New York.

2. The notice of deficiency (a copy of which is attached [to the amended petition] and marked Exhibit A) was mailed to the petitioner on or after July 15, 1930.

3. The taxes in controversy are income taxes for the calendar year 1928 and for $3,238.17.

\*   \*   \*   \*   \*   \*   \*

5. The facts upon which the petitioner relies as the basis of this proceeding are as follows:

(a) On or about December 19, 1924, the petitioner procured through a duly licensed insurance broker a policy of insurance indemnifying the petitioner against losses it might sustain through burglary.

(b) During the term of said policy of insurance the petitioner on or about February 8, 1925, suffered a loss through burglary in the amount of $23,984.72.

(c) The petitioner immediately notified the insurance company of said loss and duly filed its proof of loss for said amount of $23,984.72.

(d) Thereafter said insurance company verified said loss and found it to be correct, but asserted that a representation in the application for insurance made by the insurance broker was incorrect.

(e) The petitioner thereupon began suit against said insurance company for the collection of its claim under the policy for $23,984.72.

(f) In April, 1928, after trial of said suit in the Supreme Court of the State of New York, a final judgment was rendered against petitioner and in favor of said insurance company.

(g) Accordingly, in 1928 said loss of $23,984.72 was charged off and deducted from the gross income of the petitioner for that year.

(h) The respondent has disallowed the deduction of said loss for 1928.

(i) The petitioner regularly keeps its books of account and reports its income on the accrual basis.

The only question presented by this proceeding is whether the petitioner is entitled to deduct from its gross income of 1928 the amount of a loss resulting from a theft of goods in 1925, where the petitioner was protected by burglary insurance and where the Supreme Court of the State of New York decided in 1928 that petitioner was not entitled to recover the loss from the insurer.

Section 23 (f) of the Revenue Act of 1928 permits a corporation to deduct from gross income in its corporate income-tax return "losses sustained during the taxable year and not compensated for by insurance or otherwise." Section 234 (a) (4) of the Revenue Act of 1924 and the prior revenue acts provide for the same deduction. Under such acts the Treasury Department regulations uniformly require that in order for losses to be deductible "they must usually be evidenced by closed and completed transactions." Article 141, Regulations 45, 62, 65, 69; article 171, Regulations 74. The Commissioner early held that a loss ostensibly incurred in a taxable year should

not be allowed as a deduction for such year where and to the extent such loss was covered by a claim against an insurer. In O. D. 165, C. B. 1, p. 125 (December, 1919), the Bureau ruled:

A loss incurred through embezzlement is an allowable deduction from gross income for the year or years in which the loss was actually sustained. The amount of such loss should be reduced by the reasonable value of any claim against the embezzler or his sureties which can fairly be said to have an ascertainable value, such as a claim against a surety company.

To the same effect see I. T. 1470, C. B. I–2 (July–December, 1922), promulgated in respect of the Revenue Acts of 1918 and 1921.

This Board and the courts have held that where fire, embezzlement or other casualty occurs and is covered by insurance or otherwise, no deduction can be claimed for the year of the causalty, but that it is allowable for the year when the claim for compensation thereof is settled.

In *Max Kurtz*, 8 B. T. A. 679, merchandise was destroyed by fire in 1921. It was fully covered by insurance, recovered in later years. The partnership whose merchandise was destroyed was on the accrual basis. No deduction was allowed for 1921, the Board saying:

\* \* \* The partnership was compensated by insurance for the total loss sustained in the year 1921. The insurance due petitioners for the loss sustained, accrued in the year 1921 and was properly applied in that year against the amount of the loss by fire.

In *Pike County Coal Corporation*, 4 B. T. A. 625, a deduction was held to be allowable not in the year when the fire which damaged the property occurred, but in a later year, when the extent of the resulting loss could be definitely determined. The Board said in this regard:

The statute contemplates that a deduction shall be allowed when a loss has in fact and in truth been sustained, and the establishment of the loss is a question of fact in each case and may not always depend upon the happening of any particular event. In order to have been in a position to claim a deduction in 1918, the taxpayer would have been required to justify, with at least some degree of accuracy, the amount of the loss; otherwise the deduction from gross income for 1918 would have represented a mere guess, in all probability, unjust either to the Government or to itself. It is evident, therefore, that whatever amount the petitioner might have computed, with no more information than it had, would have been conjectural, because it was not in possession of information necessary to enable it to make such computation.

The petitioner, believing that the machinery would not be a total loss, proceeded in good faith to determine the loss which it had actually sustained by returning it to those who were in a position best to judge the extent of the damage. By so doing, it determined, during 1919, that the actual loss sustained on account of damage to the machinery was $14,872.49.

In *Lane Construction Co.*, 17 B. T. A. 826, affd., 49 Fed. (2d) 1080, the petitioner's negligence was responsible for the death of an individual in 1920. Suit was brought against the petitioner and,

after considerable litigation, the case was settled in 1924 by the payment of $75,000 by petitioner. Meanwhile, the petitioner had set up reserves on its books to cover the estimated liability and, in 1924, received $5,000 from liability insurance. The Board held that the petitioner suffered no deductible loss until 1924.

In *United States* v. *White Dental Mfg. Co.*, 274 U. S. 398, the Supreme Court held that losses are deductible from gross income when they "are fixed by identifiable events." Cf. *Lewellyn* v. *Electric Reduction Co.*, 275 U. S. 243, in which the Supreme Court refused to allow the deduction of a loss in 1918, since in such case there was:

* * * nothing in the findings from which we could conclude that the respondent in 1918 had ceased to regard his rights under the contract as having value or that there was then reasonable ground to suppose that efforts to enforce them would be fruitless. * * *

In *Lucas* v. *American Code Co.*, 280 U. S. 445, the Supreme Court refused to allow a deduction for loss by reason of breach of contract for the year in which the breach occurred. The court specifically rejected the theory that a loss is " sustained " when the events occur which fix it, so as to preclude a deduction for it in a later year when in a practical sense it is determined by litigation brought to a final conclusion. Cf. also *Ledger Co.* v. *United States*, 37 Fed. (2d) 775; *Douglas County Light & Water Co.* v. *Commissioner*, 43 Fed. (2d) 904; *Farish & Co.* v. *Commissioner*, 31 Fed. (2d) 79.

The facts in the instant case show that in 1925 the petitioner was protected by an insurance policy against any loss from burglary. It could not reasonably have claimed any loss in its 1925 return from burglary. From its standpoint it was covered by insurance. When the insurer refused to pay the loss, the petitioner in good faith brought suit against it for the recovery of the loss. The loss was sustained when the court held that the insurance company was not liable for the amount thereof. In a very practical sense the loss was sustained in 1928.

*Judgment will be entered under Rule 50.*