ROSE LICHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86716. Promulgated June 21, 1938.

*Moses H. Rothman, Esq.*, for the petitioner.
*F. R. Shearer, Esq.*, and *E. M. Woolf, Esq.*, for the respondent.

OPINION.

HARRON: The question in this proceeding is as follows: Was any loss sustained in the year 1933 as a result of the fire that occurred in 1931 at the place of business of petitioner's husband? It is respondent's contention that the loss was not sustained in 1933, but that it was sustained in 1931. The respondent's argument is that the loss in question was deductible in 1931 under the provisions of section 23 (e)[1] (Revenue Acts of 1928 and 1932), because the loss which occurred in that year, when property was damaged or destroyed by fire, was not "compensated for by insurance or otherwise." The parties have stipulated that Sam Licht had fire insurance policies in force

---

[1] SEC. 23 (e). LOSSES BY INDIVIDUALS.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business: * * *

on July 22, 1931, the date of the fire, in the total amount of $40,000. However, respondent contends that the loss was not "compensated for" by insurance because respondent alleges that the insurance companies disclaimed liability under the policies in 1931. This is a question of fact. The parties have submitted this proceeding on a stipulation of facts and we must decide the question on the facts as presented.

Briefly, the facts show that fire insurance policies were in force in 1931 but that the whole matter was taken up by the New York Board of Fire Underwriters, which instituted hearings on the fire loss which extended from October 22 to December 30, 1931; that on February 5, 1932, Sam Licht commenced an action in the Supreme Court of New York to recover $29,222.75 under the insurance policies and that, then, the insurance companies interposed an answer to the complaint setting up a general denial, alleging a breach of warranty, and alleging that they were not liable to the plaintiff in any manner or in any amount. On trial, the jury disagreed and in 1933 the insurance companies settled the claim for $12,000. The respondent has introduced in evidence a report, dated February 27, 1933, of the New York Board of Fire Underwriters. This report states that an adjuster of the board formed an opinion that the fire was of incendiary origin; that, through the board, one Philip Taylor was arrested and charged with arson and held by the Magistrate's Court without bail for the grand jury, which subsequently failed to indict. No dates are given with respect to the arrest, trial, and acquittal of the suspect.

Having these facts before us, we turn to the law to be applied. We have stated the rule to be, in *Allied Furriers Corporation*, 24 B. T. A. 457, that "where fire, embezzlement or other casualty occurs and is covered by insurance or otherwise, no deduction can be claimed for the year of the casualty, but that it is allowable for the year when the claim for compensation thereof is settled." (P. 459.) The facts in *Allied Furriers Corporation* case show that there the insurance companies asserted that a representation in the application for insurance made by the insurance broker was incorrect and that the insurer refused to pay the loss. Nevertheless, we concluded there, that the taxpayer was protected by insurance in the year 1925, when the casualty occurred, and that the taxpayer could not reasonably have claimed any loss in that year.

This proceeding appears to come within the holding of *Allied Furriers Corporation* case, *supra*, unless we conclude that Licht's loss was not "compensated for by insurance." Since our decision in the above case, the Circuit Court of Appeals for the Ninth Circuit has rendered a decision in *Cahn* v. *Commissioner*, 92 Fed. (2d) 674, which interprets the phrase "compensated for by insurance" as used in the applicable provision of the revenue act. The court in the *Cahn*

case held that there was no "compensation" for loss, as a practical business man would understand the term, where an insurance claim was contested by insurers upon the grounds which made the collection of the claim so uncertain that the insured's attorney advised him not to pursue the claim. The fact which appears to have been the most crucial in the *Cahn* case is that the insurer, there, was a foreign concern, Lloyds of London, which could not be sued in California, where the insured resided. The insured was advised by his attorney that suit on the claim would have to be prosecuted in England. The insured, thereupon, concluded that his claim was so uncertain that he deducted the loss in the year of the casualty. The court held that under such circumstances the taxpayer was justified in concluding that his loss was not compensated for by insurance. Respondent in this proceeding would apply the reasoning of the *Cahn* case to the facts here.

We believe that the phrase "compensated for by insurance", as used in the statute, should be given "practical construction", but each case must be decided upon its separate facts. Where an insured person has a claim under insurance policies in force that is subject to reasonable prospects of success upon pursuing the claim, we believe it may be concluded that a loss is "compensated for" by insurance. However, in questions such as we have here, the burden of proof is upon the taxpayer, seeking a deduction for income tax purposes, to prove that his claim under insurance policies is substantial enough to be adjusted, in whole or in part, within a reasonable time. The rule, long established, is that deductions for losses must be taken in the year in which the loss is sustained. Were it not for coverage by insurance, a loss from a casualty would clearly be *sustained* in the year the casualty occurred. What the respondent here urges is that, where an insurer *denies liability* for a loss in the year of the casualty, then the loss is *not* "compensated for" by insurance; that the loss is deductible thereupon although the insurer may later compensate the insured when required to by decision of a court in an action upon the contract of insurance.

There is much in favor of such an interpretation of the pertinent clause. The reasoning of the Supreme Court in *United States* v. *White Dental Manufacturing Co.*, 274 U. S. 398, 402, lends weight to such construction. Nevertheless, we do not agree with respondent that the facts here show that the insurers of Sam Licht had taken any such steps, in 1931, from which we can conclude that they had so denied liability under insurance contracts that Licht should have concluded, as a practical business man, that his insurance contracts afforded him no "compensation" for his loss. The mere holding of hearings on the claim would not indicate that the insurers had *denied liability*. Hearings are for the purpose of adducing facts upon which

conclusions are reached. There is no positive evidence here as to when the insurers of Sam Licht first disclaimed liability. However, we are reluctant to draw the inference that within one day after the hearings were concluded, i. e., on December 31, 1931, the insurers disclaimed liability. There is a regrettable gap in the evidence. However, Licht commenced an action in court against the insurers on February 5, 1932, and we consider it reasonable that he had no grounds for bringing the action until shortly before that date. We, therefore, conclude that the facts show that at the close of 1931 Licht's loss was compensated for by insurance, within the intendment of the statute, and that the loss was not sustained in 1931. In a practical sense the loss was sustained upon the culmination of the proceedings instituted for recovery of the claim, which was in 1933. We, therefore, consider this proceeding distinguishable on its facts from *Cahn* v. *Commissioner, supra.* We hold that respondent erred in disallowing the deduction in the taxable year.

It is a question of fact how much the loss and damage to Sam Licht's property resulted from the fire in 1931. The proof of loss which he filed and the amount he sued the insurance companies for was $29,222.75, based upon the appraisal of public adjusters, J. I. Le Bowski & Co. We have found as a fact that the loss from fire was $29,222.75. It follows that, upon settlement for $12,000, the loss sustained was $17,222.75. The petitioner, therefore, is entitled to a deduction of $17,222.75 only in the year 1933.

Petitioner's income tax return for the year 1933 is in evidence. Petitioner paid no income tax for 1933 because she reported a deficiency in income for the year in the amount of $14,768.40. Upon our conclusion that petitioner is entitled to deduction for a loss in the amount of $17,222.75 and upon the Commissioner's allowance of a bad debt deduction of $1,409.40, it follows that petitioner's allowable deductions total $18,632.15. Petitioner reported income of $9,921.50. It is apparent that there is still a deficiency in income for the taxable year and that no tax is due.

*Decision will be entered for the petitioner.*