## COMMISSIONER OF INTERNAL REVENUE v. HARWICK.

### No. 13204.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1950.

Melva M. Graney, Ellis N. Slack, A. F. Prescott, Maryhelen Wigle, Sp. Assts. to the Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Charles Oliphant, Chief Counsel, Bureau of Int. Rev., Charles E. Lowery, Sp. Atty., Washington, D. C., for petitioner.

John H. Wahl, Jr., Miami, Fla., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This petition for review involves an asserted deficiency in income taxes for the calendar year 1944. The question presented, as stated by petitioner, is whether the Tax Court erred in allowing the taxpayer a deductible loss in 1944, occasioned by the wreck of a vessel owned by him and partially covered by insurance, which wreck admittedly occurred in 1943. As stated by respondent, the question presented is whether said court erred in allowing said loss in 1944, when it was during and not until 1944 that his insurers admitted and settled their liability by partial payment of the claims made by the taxpayer against them in 1943, immediately after his vessel was stranded.

Section 23(e) of the Internal Revenue Code, 26 U.S.C.A. § 23(e), allows as a deduction, in computing the net income of individuals, losses sustained during the taxable year, and not compensated for by insurance or otherwise, if incurred in trade or business; or, as to property not connected with the trade or business, if the loss arose from fire, storm, shipwreck, or other casualty. The Commissioner, by Section 29.23 (e)-1 of Treasury Regulations III, has interpreted this provision of the code to mean that such losses must be evidenced by closed and completed transactions, with full consideration being given, in determining the amount of the loss, to any salvage value and to any insurance or other compensation received by the taxpayer. The courts have interpreted the code provision and regulation to mean that, where the loss is covered by insurance, the deduction is allowable for the year in which the claim for compensation is settled. Allied Furriers Corporation v. Comm., 24 B.T.A. 457, 459.

We agree with the Tax Court that, while in 1943 the respondent had reasonable prospects of collecting insurance on his ship, he did not know until 1944 that he would collect all or any part thereof; or, if he knew with reasonable certainty that he would collect part of it, he did not know the amount. As we understand the facts, he never realized the full amount claimed by him. To say that the respondent's loss resulting from the wreck of this ship was a closed and completed transaction in 1943 would be too impractical for tax purposes or business accountancy. At least, the Tax Court's finding that the amount of loss was unascertainable until 1944 is not clearly erroneous.

Affirmed.