JOHN S. NEMETH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nemeth v. Commissioner
Docket No. 1909-72.
United States Tax Court
T.C. Memo 1975-164; 1975 Tax Ct. Memo LEXIS 208; 34 T.C.M. (CCH) 740; T.C.M. (RIA) 750164; May 29, 1975, Filed John S. Nemeth, pro se. James E. Dunn, Jr., for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioner's income tax of $834.52 for 1969 and $1,230.31 for 1970. After concessions by respondent, the only issue is whether petitioner is entitled to loss deductions under section 165(c)(2) [1] for 1969 and 1970 in the respective amounts of $4,650 and $4,278. FINDINGS OF FACT John S. Nemeth (hereinafter petitioner) was a resident of Cleveland, Ohio, when his petition was filed. He filed Federal income tax returns for 1969 and 1970 with the district director of internal revenue, Cleveland, Ohio. During 1969 and 1970, petitioner owned property at 2210 West 66th Place, Cleveland, Ohio. The property had been transferred to petitioner by gift on September 4, 1965, by Rose Nemeth, *210 his sister. [2] Rose Nemeth had acquired the property by gift from her parents in 1939, subject to retention of life estates by them. Petitioner's mother, his last surviving parent, died in 1960. The property was valued for real estate tax purposes in 1960 at $420 for land and $2,160 for improvements. Since real estate in Cleveland in 1960 was valued at 40 percent of fair market value for property tax purposes, the actual fair market value in 1960 of the property was accordingly $1,050 for land and $5,400 for the building. On December 28, 1969, the building was destroyed by fire. Subsequent to the fire but prior to the end of 1969, the property was vandalized. On January 22, 1970, petitioner received $2,800 in insurance proceeds for damage caused by the fire. Petitioner's 1969 income tax return showed depreciation of $608 for the *211 property and indicated that depreciation for previous years totaled $1,520. A casualty loss for the fire and vandalization of $4,650 was also claimed on that return. Petitioner's 1970 income tax return showed an additional loss for this property of $4,750. OPINION Rental property owned by petitioner was destroyed by fire and vandalism in 1969. The issue herein is in what amount and in what year is a casualty loss deduction allowable. Section 165(a) provides that "[there] shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." Section 165(c) limits deductions under subsection (a) for individuals to, among other things, losses incurred in any transaction entered into for profit, though not connected with a trade or business. The amount of allowable loss is defined under section 1.165-7(b), Income Tax Regs., as the "lesser of either--(i) The amount which is equal to the fair market value of the property immediately before the casualty reduced by the fair market value of the property immediately after the casualty; or (ii) The amount of the adjusted basis * * *." The lesser of the two factors described in *212 the above regulation in this case is petitioner's adjusted basis in the property, as determined below. The life estate retained by petitioner's parents meant that the fair market value of the property was includable in his mother's gross estate under section 2036. [3] In such circumstances, section 1014 [4] dictates that the property shall have been considered to have been acquired from the decedent. Petitioner's sister's basis in the building in 1960, the year of his mother's death, was accordingly its fair market value of $5,400. That amount also constituted petitioner's basis in the building when he received it by gift in 1965 under section 1015. [5]
*213 That basis must be reduced by depreciation taken by petitioner of $1,520 prior to 1969 and $608 for 1969. Consequently, petitioner's adjusted basis in the building at the end of 1969 was $3,272. Since petitioner's insurance recovery of $2,800 on January 22, 1970, must also be subtracted from his adjusted basis in determining the amount of the casualty loss under section 165, the maximum allowable loss is only $472. Because petitioner's insurance claim for the casualty loss occurring December 28, 1969, was settled on January 22, 1970, the $472 loss was allowable in 1970. Section 1.165-1(d)(2) (i), Income Tax Regs.; Commissioner v. Harwick,184 F. 2d 835 (C.A. 5, 1950), affg. a Memorandum Opinion of this Court. We accordingly hold that petitioner is entitled to a deduction of $472 in 1970 for the casualty loss in question. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during 1969 and 1970.↩
2. Although the property was conveyed to petitioner and Mary Nemeth as husband and wife, petitioner considered it his own property for all practical purposes; thus, on his 1969 and 1970 income tax returns, designated married but filing separately, petitioner reported all rental income received and claimed the entire casualty loss involved herein.↩
3. Section 2036 provides, in part, as follows: SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE. (a) General Rule.--The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer * * * under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death-- (1) the possession or enjoyment of * * * the property * * * ↩
4. Section 1014 provides, in part, as follows: SEC. 1014. BASIS OF PROPERTY ACQUIRED FROM A DECEDENT. (a) In General.--* * * the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall * * * be the fair market value of the property at the date of the decedent's death * * * (b) Property Acquired from the Decedent.--For purposes of subsection (a), the following property shall be considered to have been acquired from or to have passed from the decedent: * * * (9) * * * property acquired from the decedent by reason of death, form of ownership, or other conditions * * * if by reason thereof the property is required to be included in determining the value of the decedent's gross estate * * * ↩
5. Section 1015 provides, in part, as follows: SEC. 1015. BASIS OF PROPERTY ACQUIRED BY GIFTS AND TRANSFERS IN TRUST. (a) Gifts After December 31, 1920.--If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift * * * Since petitioner's sister is not considered under sections 2036 and 1014 to have acquired the property by gift, petitioner's basis is accordingly the same as his sister's.↩