ARTHUR T. DAVIDSON and EZERIA W. DAVIDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davidson v. Commissioner
Docket No. 1816-74.
United States Tax Court
T.C. Memo 1975-233; 1975 Tax Ct. Memo LEXIS 148; 34 T.C.M. (CCH) 1010; T.C.M. (RIA) 750233; July 11, 1975, Filed Arthur T. Davidson, pro se. Peter W. Mettler, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies in the Federal income tax of petitioners: 1968
$5,306.21
1969
3,826.98
Of the several matters at issue in this controversy, one has been severed from the rest and is being presented to the Court for decision at this time: whether petitioners are entitled to a casualty loss deduction when litigation with their insurance company concerning the loss is pending. FINDINGS OF FACT Certain facts have been stipulated and are so found. Petitioners filed joint Federal income tax returns for the years in issue with the District Director of Internal *149 Revenue, Andover, Massachusetts. They were residents of New Rochelle, New York, when they filed their petition with the Court. Petitioners deducted the sum of $12,500 as a casualty loss on their joint Federal income tax return filed for 1969, claiming that their house was vandalized in that year. A claim for the damage to the house was filed with petitioners' insurance company in 1969. The insurance company denied any liability for the damage; and, consequently, petitioners filed suit against the insurance company. That action is still pending. OPINION Petitioners contend that they can claim a casualty loss deduction with respect to the vandalism to their house for 1969, because that is the year in which the vandalism occurred. Respondent contends that petitioners cannot claim a casualty loss deduction with respect to the vandalism while the action against their insurance company is still pending. A deduction for a casualty loss is generally to be claimed in the year in which the loss is sustained. Section 165(a), Internal Revenue Code of 1954, as amended. However, where there exists a claim for reimbursement, as against an insurer, with respect to which *150 there is a reasonable possibility of recovery, no portion of the loss is considered to have been sustained until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Section 1.165-1(d)(2)(i), Income Tax Regs. We therefore hold that petitioners may not claim a casualty loss deduction for vandalism to their house while the suit against their insurance company is still pending. Commissioner v. Harwick,184 F.2d 835 (5th Cir. 1950), affg a Memorandum Opinion of this Court; Allied Furriers Corporation,24 B.T.A. 457, 459 (1931). The issue presented to the Court at this time is decided in favor of the Respondent.