RAYMOND L. BULLOCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bullock v. Commissioner
Docket No. 5547-78.
United States Tax Court
T.C. Memo 1980-314; 1980 Tax Ct. Memo LEXIS 272; 40 T.C.M. (CCH) 969; T.C.M. (RIA) 80314; August 13, 1980, Filed *272 In October of 1975, a rental property owned by petitioner was totally destroyed by fire. The property was insured and petitioner notified the insurance company of the loss. In January of 1976, petitioner learned that the insurance company refused to make reimbursement for the loss. A recovery suit was instituted against the insurance company in May of 1976 and a settlement was reached in October of 1978. Held, since petitioner had a reasonable prospect of recovery for the loss as of the end of 1975, no deductible casualty loss was sustained in 1975, within the concept of section 165(a), I.R.C. 1954. Raymond L. Bullock, pro se. Linda J. Wise, for the respondent. BRUCE MEMORANDUM FINDINGS OF FACT AND OPINION BRUCE, *273 Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1975 of $1,900.44 as set forth in his statutory notice of deficiency dated February 23, 1978.As presented by the parties, [1] the only issue for our decision is whether a casualty loss deduction is allowable in 1975 under section 165(a)[2] for a rental house which was totally destroyed by fire in 1975, if there remained a reasonable prospect of insurance recovery as of December 31, 1975, even though such recovery was subsequently opposed by the insurer. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation and the exhibit attached thereto are incorporated herein by this reference. Petitioner, *274 Raymond L. Bullock, resided at 1204 Pecan Street, Mobile, Alabama, when the petitioner herein was filed and when he filed his Federal income tax return for 1975 with the Internal Revenue Service Center, Chamblee, Georgia. In 1975, petitioner had income in the form of wages from his occupation of letter carrier and in the form of rents from two rental properties in Mobile, one at 307 North Joachim Street and one at 1359 Chisom Street (hereafter Chisom). Chisom consisted of a house and lot purchased by petitioner in October 1973 for $5,925.00 under a vendor's lien deed from Mattie O. Howell. The value of the lot at the time of purchase was $1,000.00. Soon after the purchase, petitioner made capital improvements to Chisom in the form of a new hot water heater and plumbing fixtures at a cost of $600.00. Petitioner was depreciating the house on Chisom by the straight-line method with a useful life of ten years. On October 12, 1975, only two years after its purchase by petitioner, the house on Chisom was totally destroyed by fire. At that time, the house was insured by National Security Fire and Casualty Company (hereafter National). Under provisions of the insurance policy, recovery, *275 if any, for the house on Chisom was payable to the petitioner and his wife as joint owners and to Mattie O. Howell as mortgagee. [3]
On October 15, 1975, upon learning of the fire, petitioner orally notified National of the loss.An adjuster, assigned to the case by National, contacted petitioner a few weeks later while gathering information on the Chisom fire. Petitioner was not in contact with National again until some time in January, 1976, when he called the National adjuster. At that time, petitioner learned that National would not reimburse petitioner for the fire loss, claiming that the policy had been made voidable by an extended vacancy of the house on Chisom and by petitioner's failure to file a written claim of loss. On May 12, 1976, suit was filed on behalf of petitioner, his wife as joint owner of Chisom, and Mattie O. Howell as mortgagee, in Mobile County Circuit Court for $4,000 plus interest and costs relative to the fire loss on Chisom. [4] A judgment by consent in favor of petitioner and his co-plaintiffs in the amount of $3,000.00 plus costs was entered by the Circuit Court on October 18, 1978. *276 Upon payment of the judgment and costs to T. O. Howell, Jr., attorney and executor for the Estate of Mattie O. Howell, as well as attorney for petitioner against National, the judgment against National was cancelled on December 8, 1978. [5]
*277 By his notice of deficiency, respondent determined that petitioner had a reasonable prospect for insurance recovery in excess of his adjusted basis in the house on Chisom as of December 31, 1975, thereby disallowing the claimed casualty loss deduction for 1975. Petitioner contends that a casualty loss with no hope of recovery is to be deducted in the year the loss is incurred. Further, petitioner claims that the 1975 Chisom fire was just such a deductible loss for his 1975 tax year. OPINION Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). To take advantage of that grace, petitioner must qualify under rules and regulations imposed directly or indirectly by Congress. Cf. Deputy v. duPont,308 U.S. 488 (1940). The notice of deficiency issued by the Commissioner disallowing qualification for a certain deduction is presumed correct. To show otherwise, the taxpayer has the burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 165(a) allows a deduction for "any loss sustained during the *278 taxable year and not compensated for by insurance or otherwise." A deductible loss is "treated as sustained during the taxable year in which the loss occurs as evidenced by a closed and completed transaction and fixed by identifiable events occurring in such taxable year." Section 1.165-1(d)(1), Income Tax Regs., Boehm v. Commissioner,326 U.S. 287, 291-292 (1945); United States v. White Dental Mfg. Co.,274 U.S. 398 (1927). Generally, this means that the loss is deductible in the year the casualty causing the loss occurs. However, as stated in section 1.165-1(d)(2)(i), Income Tax Regs: If a casualty or other event occurs which may result in a loss and, in the year of such casualty or event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. Whether a reasonable prospect of recovery exists with respect to a claim for reimbursement of a loss is a question of fact to *279 be determined upon an examination of all facts and circumstances. Whether or not such reimbursement will be received may be ascertained with reasonable certainty, for example, by a settlement of the claim, by an adjudication of the claim, or by an abandonment of the claim. * * * Gale v. Commissioner,41 T.C. 269, 272-275 (1963); accord Commissioner v. Harwick,184 F. 2d 835 (C.A. 5, 1950); Licht v. Commissioner,37 B.T.A. 1096 (1938); Allied Furriers Corp. v. Commissioner,24 B.T.A. 457 (1931). When destroyed by fire in 1975, the house on Chisom was insured by petitioner with National. Petitioner notified National of his loss in 1975 and was contacted by an adjuster for National who was investigating the fire. Until his next contact with National in January 1976, petitioner was given no reason to believe that National would not reimburse him for his loss. In January 1976 National denied reimbursement for the Chisom fire loss. Thus, although petitioner is not required to be "an incorrigible optimist" about his potential for recovery ( United States v. White Dental Mfg. Co.,supra), *280 it would not have been unreasonable at all for him to expect full reimbursement by National as of December 31, 1975, prior to the January 1976 denial of coverage. [6] Therefore, the deductible loss for the Chisom fire was not sustained in 1975 [7] within the concept of section 165(a) and the regulations promulgated thereunder. *281 Decision will be entered for the respondent. Footnotes
1. Of the three adjustments in respondent's notice of deficiency, petitioner contests only that adjustment disallowing the claimed casualty loss deduction. Due to these apparent concessions by petitioner, a decision under Rule 155 will be necessary should we decide the remaining issue for petitioner. ↩
2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in question.↩
3. The original mortgage on Chisom in 1973 was $5,900.00.↩
4. Petitioner's adjusted basis in the house on Chisom as of October 1975 was: Initial cost of Chisom
$ 5,925.00
Plus hot water heater & plumbing fixtures
600.00
6,525.00
Less value of lot when purchased
1,000.00
Basis in house on Chisom when purchased
5,525.00
$5,525.00./. 10 = $552.50/year
depreciation allowance
$552.50 X 2 - depreciation from 10/73 to
10/75
1,105.00
Adjusted basis as of 10/75
$4,420.00
These figures are derived from calculations on the notice of deficiency. ↩
5. Although a party to the suit and the subsequent settlement of that suit by way of representation of T. O. Howell, Jr., petitioner never received any of the funds from the settlement and did not receive a report from Howell as to the application of those funds. Nevertheless, petitioner may have benefitted from the settlement funds, if those funds were applied to the outstanding mortgage on Chisom. Since the issue herein is limited to 1975, however, we need not make any findings as to any benefit which petitioner may have received from the settlement in 1978. See note 7, infra↩.
6. Even if National had refused to make reimbursement for the Chisom fire loss prior to December 31, 1975, a reasonable prospect for partial recovery beyond 1975 existed in the surrounding facts and circumstances as of that date, as later exemplified by the suit for recovery instituted against National in May of 1976. See, Commissioner v. Harwick,184 F. 2d 835 (C.A. 5, 1950); Licht v. Commissioner,37 B.T.A. 1096 (1938); Allied Furriers Corp. v. Commissioner,24 B.T.A. 457 (1931); Pike County Coal Corp. v. Commissioner,4 B.T.A. 625↩ (1926). 7. Since the year the suit for $4,000 was instituted, 1976, and the year the settlement for $3,000 was reached, 1978, are not before us in this case, we make no decision as to the possibility of deductible casualty losses relative to the Chisom fire for either of those years.↩