T.C. Summary Opinion 2011-102


UNITED STATES TAX COURT


FARROKH AND MARIANNE B. PEIMANI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8299-10S.                    Filed August 17, 2011.


Farrokh and Marianne B. Peimani, pro sese.

<u>Sarah E. Sexton</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code (Code) in effect for the year in

issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency of $8,277 in petitioners'
2006 Federal income tax.  The issues for decision are whether
petitioners are entitled to:  (1) A deduction for a downpayment
loss; and (2) certain deductions claimed on Schedule C, Profit or
Loss From Business.[1]

## Background

Some of the facts have been stipulated and are so found.
The stipulation of facts and the attached exhibits are
incorporated herein by reference.  Petitioners resided in
California when they filed their petition.

Mr. Peimani (petitioner)[2] was a rental and mortgage broker.
In 2004 he signed a real estate sales contract with ITC Homes,
Inc. (ITC), for the construction of a house.  On the contract
Lawyers Title Agency of Arizona, L.L.C. (Lawyers Title) is listed
as the trustee for ITC.  Paragraph 7 of the sales contract is
entitled "REMEDIES" and states the following:

> In the event that Seller materially fails to comply with any
> of the terms of this Agreement, Purchaser shall provide
> Seller with written notice of such failure.  Seller shall
> have thirty (30) days from the date of receipt of the
> written notice to substantially remedy the obligation.  In

---

[1]Other adjustments made by respondent are computational and
will not be discussed.

[2]Marianne Peimani signed the petition and the stipulation of
facts but did not appear at trial.

the event the thirty (30) days passes [sic] without remedy of the obligation, Seller shall be in default and Purchaser shall have two remedies: (1) specific performance requiring Seller to sell the property, or (2) cancel the Agreement and have all monies paid under this Agreement refunded to Purchaser.

Attached to the sales contract is an addendum for the purchase of an additional house being constructed by ITC. The addendum references two additional contracts for two other houses petitioner contracted with ITC to build. All of petitioner's dealings with ITC and Lawyers Title were as a private investor and not in his capacity as a mortgage broker.

Petitioner wrote three $5,000 checks to Lawyers Title in 2004. Petitioner wrote one $5,000 check to ITC in 2006. The memo lines on all four checks reference the houses petitioner contracted with ITC to build. The houses for which petitioner contracted were never constructed. Petitioner did not provide written notice of a failure to comply with the terms of the contract to ITC or Lawyers Title, nor did he file suit against either entity for breach of contract or to collect any debt.

ITC voluntarily filed for chapter 11 bankruptcy in January 2006. ITC converted its bankruptcy proceedings to chapter 7 bankruptcy proceedings in July 2008.[3] Lawyers Title is an

---

[3]Generally, under ch. 11 proceedings, a business is reorganized and continues to operate. Under ch. 7 proceedings, a business ceases operations and is liquidated. See Fla. Dept. of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33, 37 n.2 (2008).

affiliate of LandAmerica Financial Group, Inc. (LandAmerica). LandAmerica filed for chapter 11 bankruptcy in November 2008. Petitioner was not listed as a creditor in any of the bankruptcy proceedings. Petitioners reported a $30,500 downpayment loss on line 21, other income, on their 2006 Federal income tax return for money petitioner paid to Lawyers Title and ITC in 2004 and 2006.[4]

Petitioners reported income and expenses from petitioner's brokerage business on Schedule C for 2006. Petitioners claimed a deduction for legal and professional services expenses of $8,342. Petitioners also claimed a deduction for "other expenses" of $25,724. Petitioners listed the other expenses as: Appraisal reports, credit reports, dues and subs, telephone and fax, educational courses, postage, marketing, bank charges, auto expenses, laundry and uniforms, and miscellaneous.

Respondent mailed petitioners a notice of deficiency that disallowed the downpayment loss in full. Respondent also disallowed $154 of petitioners' claimed deduction for legal and

---

[4]Petitioner's four checks written to ITC and Lawyers Title totaling $20,000 were entered into evidence. Petitioner also entered into evidence checks written to a mortgage company whose name is illegible and Carte Bella by Del Webb for $384 and $5,000, respectively. It is not clear what relation, if any, these checks have to petitioner's reported downpayment loss. Even if these checks are added to the amounts paid to ITC and Lawyers Title, the total does not equal the claimed deduction of $30,500. There is no explanation in the record for the difference.

professional services expenses and $2,890 of petitioners' claimed deduction for other expenses. The $2,890 of other expenses comprises $450 for appraisal reports, $582 for telephone and fax, and $1,858 for auto.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof for factual matters may be shifted to the Commissioner under section 7491(a). Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a). Therefore, petitioners bear the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

II.  Petitioners' Reported Downpayment Loss[5]

Section 165(a) allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise.  For individuals, as relevant here, the deduction is limited to losses incurred in a transaction entered into for profit.  Sec. 165(c)(2).  In order for the loss to be deductible, it must be evidenced by a closed and completed transaction, fixed by an identifiable event, and actually sustained during the taxable year.  Sec. 1.165-1(b), Income Tax Regs.

Section 166 allows an individual a deduction from ordinary income for any business debt that becomes wholly or partially worthless during the taxable year.  Sec. 166(a), (d)(1)(A).  To deduct a business bad debt, the taxpayer must establish, among other requirements, that he was engaged in a trade or business and the acquisition or worthlessness of the debt was proximately related to the conduct of the trade or business.  United States v. Generes, 405 U.S. 93 (1972); sec. 1.166-5(b)(2), Income Tax Regs.

The term "nonbusiness bad debt" is defined as a debt other than a debt created or acquired in connection with the taxpayer's

_____

[5]Petitioners' and respondent's arguments centered around petitioners' deduction as a loss under sec. 165.  It is possible that petitioners' deduction could be allowed instead under sec. 166.  The Court construes a pro se litigant's petition broadly. See Rule 31(d); Lukovsky v. Commissioner, T.C. Memo. 2010-117 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Therefore, we will discuss the law under both Code sections.

trade or business or a loss from the worthlessness of a debt that is incurred in the taxpayer's trade or business.  Sec. 166(d)(2). The loss from a nonbusiness bad debt that becomes wholly worthless within the year is treated as a loss arising from the sale or exchange of a capital asset held for less than 1 year and is deductible subject to certain limitations.  Sec. 166(d)(1); sec. 1.166-5(a)(2), Income Tax Regs.  The taxpayer must show identifiable events to prove the worthlessness of a debt.  John v. Commissioner, T.C. Memo. 2004-257 (citing United States v. S.S. White Dental Manufacturing Co., 274 U.S. 398 (1927)).

Only a bona fide debt qualifies for the bad debt deduction. Sec. 1.166-1(c), Income Tax Regs.  A bona fide debt is one that arises from a debtor-creditor relationship based upon a valid, enforceable obligation to pay a fixed or determinable sum of money.  Id.; see also Estate of Van Anda v. Commissioner, 12 T.C. 1158, 1162 (1949), affd. 192 F.2d 391 (2d Cir. 1951).  The obligation to provide services, by itself, does not create a debtor-creditor relationship.  Schneider v. Commissioner, T.C. Memo. 1981-603 (citing Lewellyn v. Elec. Reduction Co., 275 U.S. 243 (1927)).

Bad debts and losses are mutually exclusive.  Spring City Foundry Co. v. Commissioner, 292 U.S. 182, 189 (1934).  We need not decide whether petitioners' reported downpayment loss is a section 165 loss or a section 166 nonbusiness bad debt.  It falls

outside either section because there is no identifiable event for the deduction in 2006.  See John v. Commissioner, supra; sec. 1.165-1(b), Income Tax Regs.

Petitioners' argument that the deduction was proper in 2006 rests upon the assertion that both ITC and Lawyers Title were bankrupt that year.  Although ITC filed for chapter 11 bankruptcy in 2006, it was still in operation and did not liquidate through bankruptcy until 2008.  Lawyers Title's affiliate, LandAmerica, did not file for chapter 11 bankruptcy until 2008.[6]  Petitioners have not shown either that the investment became worthless by an identifiable event in 2006 or that a closed and completed transaction fixed by an identifiable event occurred in 2006.  Therefore, respondent's determination to disallow petitioners' downpayment loss is sustained.

III. Petitioners' Claimed Schedule C Deductions

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses.

---

[6]The Court notes that petitioner was not listed as a creditor in any of the bankruptcy proceedings and that he did not initiate legal proceedings against either ITC or Lawyers Title for breach of contract or to collect any debt.  See H.D. Lee Mercantile Co. v. Commissioner, 79 F.2d 391 (10th Cir. 1935) (taxpayer who declines to enforce a valid claim cannot then assert that he has sustained a loss).

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

The Court may not estimate a taxpayer's expenses with respect to the items enumerated in section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 274 requires strict substantiation for expenses relating to any section 280F(d)(4) listed property. Sec. 274(d)(4). A passenger automobile is listed property. Sec. 280F(d)(4)(A)(i). Section 274(d) and the regulations thereunder require taxpayers to substantiate automobile expenses by adequate records or sufficient evidence

establishing the amount of each expense, the mileage for each business use and the total mileage for all purposes during the taxable period, the date of the business use, and the business purpose of the expense to corroborate the taxpayer's own testimony. See sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Section 274(d) supersedes the Cohan doctrine. Id. In the absence of evidence establishing the elements of the expenditure or use, deductions must be disallowed entirely. Sec. 274(d); Sanford v. Commissioner, supra at 828.

A.   Petitioners' Legal and Professional Services Expenses, Appraisal Reports Expenses, and Telephone and Fax Expenses

Petitioner entered into evidence canceled checks for expenses related to legal and professional services, appraisal reports, and his telephone and fax usage. The canceled checks for the legal and professional services expenses totaled $8,188, which is the amount of legal and professional services expenses respondent allowed. The canceled checks for the appraisal reports expenses totaled $1,350, which is the amount of appraisal reports expenses respondent allowed. The canceled checks for the telephone and fax expenses totaled $2,845, which is less than the amount of telephone and fax expenses respondent allowed. Petitioners have failed to substantiate any legal and professional services, appraisal reports, or telephone and fax expenses in excess of those already allowed. Therefore,

respondent's determination to disallow $154 of petitioners'
claimed deductions for legal and professional services expenses,
$450 of appraisal reports expenses, and $582 of telephone and fax
expenses is sustained.

B.    Petitioners' Auto Expenses

Petitioners also claimed a deduction for auto expenses of
$13,250 under other expenses on Schedule C.  Respondent
disallowed $1,858 of petitioners' auto expenses.  Petitioner's
2006 mileage log was entered into evidence.  The log is a table
and includes cells for the date of each trip, day of the week of
each trip, vehicle used for each trip, geographical destination
of each trip, mileage for each trip, and total mileage for each
day.

An additional cell labeled "home-work-home" is included, and
the mileage listed under that title is included in petitioner's
total mileage for each day.  Petitioners cannot include the
mileage from petitioner's home to his office as a business
expense because that mileage is considered a nondeductible
personal commuting expense.  See Commissioner v. Flowers, 326
U.S. 465, 469-470 (1946); Curphey v. Commissioner, 73 T.C. 766,
777 (1980); sec. 1.262-1(b)(5), Income Tax Regs.

For the other mileage listed in petitioner's mileage log, no business purpose is given for any of the trips.[7]  See <u>Sanford v. Commissioner</u>, <u>supra</u> at 829.  Petitioners have failed to substantiate their auto expenses beyond what respondent has already allowed.  Therefore, respondent's determination to disallow $1,858 of petitioners' claimed deduction for auto expenses is sustained.

Conclusion

Petitioners have failed to substantiate their reported downpayment loss or any deductions for expenses claimed on Schedule C beyond what respondent has already allowed.

We have considered petitioners' arguments, and, to the extent not mentioned, we conclude the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[7]Petitioner testified that he had clients "in northern California as well as * * * southern California" and that he had to meet with them.  Petitioner's testimony about the business purpose for each of his trips did not clarify that each trip was for business.